689 S.E.2d 562 (2010)
STATE of North Carolina
v.
Michael Burnette SINGLETON, Defendant.
No. COA09-263.
Court of Appeals of North Carolina.
January 5, 2010.
Attorney General Roy A. Cooper, III, by Special Counsel Hilary S. Peterson, for the State.
Robert W. Ewing, Clemmons, for defendant-appellant.
STROUD, Judge.
Defendant appeals from an order requiring him to enroll in satellite-based monitoring (SBM) pursuant to N.C. Gen.Stat. § 14-208.40B for the remainder of his natural life. Because the plain language of N.C. Gen.Stat. *563 § 14-208.40(a)(1), N.C. Gen.Stat. § 14-208.40B(c) and N.C. Gen.Stat. § 14-208.6(1a) requires enrollment in lifetime satellite-based monitoring for an offender who is convicted of an "aggravated offense," we reverse.

I. Factual background
On 5 May 2006, a warrant for defendant's arrest was issued, charging him with taking indecent liberties with a child pursuant to N.C. Gen.Stat. § 14-202.1(a)(1) (2005). At the time of the offense, defendant was age sixteen and the victim was age four. On 19 June 2006, a superceding indictment was issued, also charging defendant with taking indecent liberties with a child. On 21 August 2006, defendant pled guilty to a charge of taking indecent liberties with a child pursuant to N.C. Gen.Stat. § 14-202.1. Defendant had no prior record and was sentenced within the presumptive range based on prior record level I to imprisonment for not less than sixteen months and not more than twenty months, but this sentence was suspended and defendant was placed on probation for thirty-six months. Defendant was placed on intensive supervision for six months and was required to remain in high school, to complete the sex offender control program, and to register as a sex offender.
On 2 June 2008, the State filed a Petition for Judicial Findings as to Satellite-Based Monitoring, pursuant to N.C. Gen.Stat. § 14-208.40B (2007) for the trial court to order defendant to enroll in SBM. The State alleged that (1) the defendant is classified as a sexually violent predator pursuant to N.C. Gen.Stat. § 14-208.40B or; (2) the defendant is a recidivist or; (3) the offense of which defendant was convicted was an aggravated offense. The petition identified defendant's prior reportable conviction[1] for taking indecent liberties with a child as the basis for the request for SBM.
The trial court held the SBM determination hearing on 29 August 2008. The State presented testimony by Probation Officer Brian Holbrook, who was defendant's assigned probation officer. Officer Holbrook testified that defendant had not been assessed as a sexually violent predator, and that he had no prior convictions, so he was not a recidivist, but that defendant's conviction was for an "aggravated offense." Officer Holbrook testified that the victim was a 4 year old boy who was a friend of the family. On 20 April 2006, defendant and the victim were playing outside and then they went inside and, "long story short, there was anal penetration on a four year old boy." The court inquired "I guess as a result of the plea, it was reduced to indecent liberties?" Officer Holbrook answered, "Yes, Your Honor." Although the record does not contain defendant's STATIC 99 Risk Assessment, Officer Holbrook testified that the probation department had made a determination that defendant "is risked at a high."[2] Officer Holbrook noted that he could inform the *564 court "about his supervision if you'd like[,]" but the court inquired only as to whether defendant was registered, and Officer Holbrook said that defendant was registered as a sex offender. Defendant did not present any evidence. On 29 August 2008, the trial court entered an order finding that "The defendant (a) falls into one of the categories requiring satellite-based monitoring under G.S. 14-208.40 in that the offense of which the defendant was convicted was an aggravated offense." The trial court therefore ordered that defendant shall enroll in SBM for "the remainder of his natural life."

II. Grounds for Appellate Review
Defendant first argues that the court has jurisdiction over this appeal pursuant to N.C. Gen.Stat. § 7A-27(b)[3] and N.C. Gen. Stat. § 15A-1442[4]. In the alternative, defendant filed a petition for certiorari requesting review pursuant to N.C. Gen.Stat. § 15A-1444 (a1) (2007). The State does not contest that this Court has jurisdiction over this appeal, although the State argues that certiorari is not appropriate. However, defendant's argument as to the grounds for appellate review is well-taken, as the grounds for appeal are not entirely obvious. Although this Court has considered several appeals of orders for SBM under N.C. Gen. Stat. § 14-208.40B and N.C. Gen.Stat. § 14-208.40A, we have not addressed the basis for this Court's jurisdiction. Unfortunately, Chapter 14, Article 27A leaves many procedural questions as to SBM, including the manner of appeal, unanswered.
Generally, appeals based upon "errors committed in criminal trials and proceedings" are governed by Article 91 of Chapter 15A, the Criminal Procedure Act. N.C. Gen.Stat. § 15A-1401 (2007). Appellate jurisdiction in criminal appeals by a defendant and grounds for appeal in criminal cases are set forth in N.C. Gen.Stat. § 15A-1442 and N.C. Gen.Stat. § 15A-1444. "[A] defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." State v. Pimental, 153 N.C.App. 69, 72, 568 S.E.2d 867, 869, disc. review denied, 356 N.C. 442, 573 S.E.2d 163 (2002).
Generally, the right to appeal in criminal cases is set out in N.C. Gen.Stat. § 15A-1444 (2003). Under that statute, a defendant who pleads not guilty at trial may appeal the judgment itself as a matter of right. N.C. Gen.Stat. § 15A-1444(a). In addition, a defendant who was found guilty or who pled guilty or no contest has the right to appeal the following issues:
(1) whether the sentence is supported by the evidence (if the minimum term of imprisonment does not fall within the presumptive range); (2) whether the sentence results from an incorrect finding of the defendant's prior record level under N.C. Gen.Stat. § 15A-1340.14 or the defendant's prior conviction level under N.C. Gen.Stat. § 15A-1340.21; (3) whether the sentence constitutes a type of sentence not authorized by N.C. Gen.Stat. § 15A-1340.17 or § 15A-1340.23 for the defendant's class of offense and prior record or conviction level; (4) whether the trial court improperly denied the defendant's motion to suppress; and (5) whether the trial court improperly denied the defendant's motion to withdraw his guilty plea.
State v. Brown, 170 N.C.App. 601, 606, 613 S.E.2d 284, 287 (quoting State v. Carter, 167 N.C.App. 582, 584, 605 S.E.2d 676, 678 (2004)), disc. review denied, 360 N.C. 68, 621 S.E.2d 882 (2005).
In Brown, this Court held that a defendant has no statutory right of appeal from an order denying post-conviction DNA testing *565 pursuant to N.C. Gen.Stat. § 15A-269. Id. at 606-07, 613 S.E.2d at 287. We rejected defendant's contention that he had a right to appeal under N.C. Gen.Stat. § 7A-27(b) because a post-conviction DNA motion is a "criminal proceeding," but an order denying DNA testing is not a "final judgment" in a "criminal proceeding." Id. at 606, 613 S.E.2d at 287. We went on to hold that
[u]nder N.C. Gen.Stat. § 15A-101(4a) (2003), judgment is defined as `when sentence is pronounced.' See also Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204, 204 (1937) (`Final judgment in a criminal case means sentence. The sentence is the judgment.'). The [order denying post-conviction DNA testing] does not involve the pronouncement of a sentence.
Id. at 606-07, 613 S.E.2d at 287.
In all of the SBM cases considered thus far by this Court, the SBM hearings have been conducted as "criminal" hearings, at least in the sense that the hearings were placed on criminal, not civil, calendars; the district attorney has represented the State; and the defendants have been represented by court-appointed counsel. However, SBM hearings are not "criminal" proceedings in the sense as addressed by Article 15A, Chapter 91. N.C. Gen.Stat. § 1-5 (2007) defines a "criminal action" as "(1) An action prosecuted by the State as a party, against a person charged with a public offense, for the punishment thereof. (2) An action prosecuted by the State, at the instance of an individual, to prevent an apprehended crime against his person or property." N.C. Gen.Stat. § 1-6 (2007) provides that "[e]very other is a civil action." A SBM proceeding is prosecuted by the State, but the defendant has not been charged with a "public offense" for which the State is seeking punishment. State v. Bare, ___ N.C.App. ___, ___, 677 S.E.2d 518, 526-27 (2009) (holding that even though the SBM hearings are prosecuted by the State, they are not designed as criminal punishment). According to N.C. Gen.Stat. §§ 1-5 and 1-6, an SBM proceeding, particularly one conducted under N.C. Gen.Stat. § 14-208.40B, would not be a "criminal action," so it must be a "civil action." In a SBM hearing, there is no entry of a plea of "guilty," "not guilty" or "no contest." See N.C.Gen. Stat. § 15A-1444. There is no jury verdict and certainly no "sentence" is pronounced in a SBM determination hearing under N.C. Gen.Stat. § 14-208.40B.[5] The SBM determination is distinguished from post-conviction DNA testing by the fact that a motion for DNA testing seeks to attack the underlying final criminal judgment. If a post-conviction DNA testing reveals evidence which is favorable to the defendant, "the court shall enter an order that `serves the interests of justice' and may (1) vacate and set aside the judgment, (2) discharge the defendant, (3) resentence the defendant, or (4) grant a new trial." Brown, 170 N.C.App. at 605, 613 S.E.2d at 286-87 (quoting N.C. Gen.Stat. § 15A-270 (c)). By contrast, the SBM determination hearing has no effect whatsoever upon the defendant's prior criminal convictions or sentencing and is not a part of any "criminal proceedings" or "criminal prosecution" of the defendant.
In addition to these distinctions between SBM proceedings and criminal prosecutions, the most important distinction is that this Court has held that the SBM statutes establish a civil regulatory regime and not a means of punishment for a crime. See State v. Bare, ___ N.C.App. ___, ___, 677 S.E.2d 518, 527 (2009); State v. Anderson, ___ N.C.App. ___, ___, 679 S.E.2d 165, 167 (2009). Therefore, for purposes of appeal, a SBM hearing is not a "criminal trial or proceeding" for which a right of appeal is based upon N.C. Gen.Stat. § 15A-1442 or N.C. Gen.Stat. § 15A-1444.
SBM hearings have been conducted much like probation violation hearings, which may be appropriate as probation violation hearings are not criminal prosecutions either. *566 See State v. Pratt, 21 N.C.App. 538, 540, 204 S.E.2d 906, 907 (1974)("A proceeding to revoke probation is not a criminal prosecution but is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered[.]") However, SBM hearings are unlike probation violation hearings in that a defendant who appeals from a revocation of probation has a specific right to appeal under N.C. Gen.Stat. § 15A-1347 (2007). The SBM statutes do not contain any specific right of appeal from the superior court's determination as to SBM.
This Court has previously noted that, "[f]or all practical purposes there is an unlimited right of appeal in North Carolina to the Appellate Division of the General Court of Justice from any final judgment of the superior court or the district court in civil and criminal cases." State v. Black, 7 N.C.App. 324, 327, 172 S.E.2d 217, 219 (1970) (citing N.C. Gen.Stat. § 7A-27). Under N.C. Gen. Stat. § 7A-27, the primary consideration is that the appeal must be from a "final judgment," and that appeals from interlocutory orders are allowed only in certain limited situations. Certainly the 29 August 2008 order requiring defendant to submit to SBM for the remainder of his natural life is a "final judgment." Our Supreme Court has defined a final judgment as "one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citation omitted). The 29 August 2008 order disposes of the State's petition for judicial findings as to satellite-based monitoring of defendant and leaves nothing further to be judicially determined. As the SBM order is a final judgment from the superior court, we hold that this Court has jurisdiction to consider appeals from SBM monitoring determinations under N.C. Gen.Stat. § 14-208.40B pursuant to N.C. Gen.Stat. § 7A-27.

III. Standard of Review
This Court stated the standard of review for orders as to SBM in State v. Kilby: "[w]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." ___ N.C.App. ___, ___, 679 S.E.2d 430, 432 (2009) (quoting State v. Garcia, 358 N.C. 382, 391, 597 S.E.2d 724, 733 (2004) (citation, quotation marks, and brackets omitted), cert. denied, 543 U.S. 1156, 125 S.Ct. 1301, 161 L.Ed.2d 122 (2005)).

IV. Aggravated Offense
Defendant argues that the trial court's finding that he was convicted of an "aggravated offense" and that he therefore was required to enroll in SBM for the rest of his natural life was in error as the finding is not supported by competent evidence. The State sought an order for SBM based upon N.C. Gen.Stat. § 14-208.40(a)(1), which provides for SBM for "[a]ny offender who is convicted of a reportable conviction as defined by G.S. 14-208.6(4) and who is required to register under Part 3 of Article 27A of Chapter 14 of the General Statutes because the defendant is classified as a sexually violent predator, is a recidivist, or was convicted of an aggravated offense as those terms are defined in G.S. 14-208.6." N.C. Gen.Stat. § 14-208.40(a)(1)(2007) (emphasis added). N.C. Gen.Stat. § 14-208.40B(c) provides that if the court determines that "the conviction offense was an aggravated offense, the court shall order the offender to enroll in satellite-based monitoring for life." (emphasis added).
N.C. Gen.Stat. § 14-208.6(1a) (2007) defines "aggravated offense" as "any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." N.C. Gen.Stat. § 14-208.6(1a).
Defendant was convicted of taking indecent liberties with a child in violation of N.C. Gen.Stat. § 14-202.1, which provides that
(a) A person is guilty of taking indecent liberties with children if, being 16 years of *567 age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
N.C. Gen.Stat. § 14-202.1 (2005).
The State concedes that indecent liberties with a child is not an "aggravated offense" as defined by N.C. Gen.Stat. § 14-208.6(1a), as the "bare elements" of the offense do not require either "engaging in a sexual act involving vaginal, anal, or oral penetration of a minor under the age of twelve." However, the State argues that
[t]he crucial question in this appeal is not whether, by definition, the crime of which Defendant was convictedtaking indecent liberties with a childis an `aggravated offense' under N.C.G.S. § 14-208.6(1a). Instead, the issue is whether Defendant's guilty plea, in conjunction with the proffered factual basis for the conviction at the determination hearing, supported the trial court's conclusion that Defendant committed an `aggravated offense' thus subjecting him to lifetime enrollment in the SBM program.
(emphasis added). According to the State "the testimony of Defendant's probation officer and through no objections from the Defendant, established the necessary criteria to meet the `aggravated offense' standard, the trial court's lifetime enrollment of Defendant in the SBM program was proper." Therefore, the State asks us to base the determination of whether the defendant's "criminal offense" was an "aggravated offense" upon the facts of the underlying reportable offense as presented at the SBM hearing instead of upon the statutory elements of the crime for which the defendant was convicted.
The State's argument has recently been rejected by this Court in State v. Davison, ___ N.C.App. ___, ___, 689 S.E.2d 510, 517 (2009) (stating that "[t]he General Assembly's repeated use of the term `conviction' compels us to conclude that, when making a determination pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction."). Accordingly, N.C. Gen.Stat. § 14-208.40(a)(1) requires that the offender be "convicted of an aggravated offense[,]" and N.C. Gen.Stat. § 14-208.40B(c) refers to the trial court's determination that "the conviction offense was an aggravated offense." (emphasis added). N.C. Gen.Stat. § 208.6(4) defines "reportable conviction" based upon a particular "final conviction."
The State notes the General Assembly's intent of protecting the public from sex offenders as expressed in Article 27A and argues that based upon the General Assembly's protective intent, we should read the definition of an "aggravated offense" broadly, such that we look beyond the statutory elements of a crime and consider both the elements of the crime and "the specific facts upon which the conviction is based." However, the plain language of the statute dictates a contrary result. We have previously held that
[t]he primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute. The first step in determining a statute's purpose is to examine the statute's plain language. Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.
Cashwell v. Department of State Treasurer, Retirement Systems Division, ___ N.C.App. ___, ___, 675 S.E.2d 73, 76 (2009). At least in regard to this particular issue, the statutes are clear and unambiguous. All of the relevant SBM statutes refer to the offense of which the offender was convicted, not charged, or even, as in this case, perhaps could have been charged. See N.C. Gen.Stat. §§ 14-208.6(4); 14-208.40; 14-208.40B.
This case demonstrates some of the problems which arise if the determination as to SBM could be based upon the "factual basis" *568 of a prior conviction as opposed to the actual conviction. The State argues that "[i]n its proffer to the trial court at the determination hearing, the State related the factual basis for Defendant's guilty plea was that Defendant had anally penetrated a four year old boy." It is true that defendant's probation officer testified that the defendant's anal penetration of a four year old boy was the factual basis for his prior conviction, but the record does not contain any information whatsoever about the "factual basis" for the defendant's plea which was actually provided to the court on 21 August 2006, when defendant entered his plea.[6] In addition, the trial court, upon hearing the testimony concerning the anal penetration of a four year old child, understandably assumed that defendant must have originally been charged with a greater offense, such as a first degree sexual offense under N.C. Gen.Stat. § 14-27.4 (2005) or a second degree sexual offense under N.C. Gen.Stat. § 14-27.5 (2005), but defendant had agreed to enter a plea to a lesser offense, taking indecent liberties with a child. Officer Holbrook incorrectly informed the trial court that defendant had pled to a reduced charge. The State introduced the file for the underlying offense at the SBM hearing, which demonstrates that defendant was charged only with taking indecent liberties with a child. He pled guilty to the same charge, with no reduction in the charge against him. He was never convicted of, or even charged with, any crime other than taking indecent liberties with a child.
The SBM statutes require a "reportable conviction," which is itself defined as a "final conviction" of one of many particular enumerated offenses, in order for the State to petition for an offender's enrollment in SBM. N.C. Gen.Stat. § 14-208.40B; N.C. Gen.Stat. § 14-208.6(4). The SBM statutes break down the various "reportable convictions" into two categories for purposes of SBM. N.C. Gen.Stat. § 14-208.6(4)(a). Those two categories include "A final conviction for [1] an offense against a minor [or] [2] a sexually violent offense[7][.]" Id.
As to the particular offenses identified under N.C. Gen.Stat. § 14-208.40(a)(1), lifetime SBM is required, without the need for the court to consider any other factors. N.C. Gen.Stat. § 14-208.40B(c). As to N.C. Gen. Stat. § 14-208.40(a)(2), if a defendant is convicted of a "reportable conviction," then the trial court must consider the level of risk of the offender's recidivism, if the offender requires the "highest possible level of supervision and monitoring" and the time period of SBM which should be imposed. N.C. Gen. Stat. § 14-208.40B(c). If SBM monitoring determinations could be based only upon the "factual basis" for a reportable offense which would demonstrate that the defendant actually committed a more serious crime than his "conviction crime," there would have been no need for the legislature to set forth in such detail the particular crimes which are subject to a particular degree of monitoring. In addition, the offender may be placed in the untenable position of having to refute factual allegations about a crime he may have committed years earlier in order to try to convince the court that the crime for which he was "convicted" was actually as stated by his conviction, and not a more serious crime. Evidence and witnesses as to the facts of the "reportable conviction" may no longer be available.
Therefore, the trial court's finding that defendant was convicted of indecent liberties with a child was supported by competent record evidence, as this was his "conviction offense." The trial court's conclusion that defendant had been convicted of an "aggravated *569 offense" was legally incorrect, as the offense of indecent liberties with a child does not fit within the definition of an "aggravated offense" pursuant to N.C. Gen.Stat. § 14-208.6(1a). In addition, the trial court's conclusion of law that defendant must be enrolled in SBM for the remainder of his natural life was also in error, as this conclusion did not "reflect a correct application of law to the facts found." State v. Kilby, ___ N.C.App. at ___, 679 S.E.2d at 432. The order requiring defendant to enroll in SBM for the remainder of his natural life is therefore reversed.
Because we have granted the relief as defendant requested, we need not address defendant's other assignments of error.
REVERSED.
Judges GEER and ERVIN concur.
NOTES
[1] N.C. Gen.Stat. § 14-208.6(4) (2007) defines four different categories of crimes which are considered as "reportable conviction[s]" for purposes of Sex Offender Registration and SBM. Defendant herein had a "final conviction" for a "sexually violent offense," which is defined by N.C. Gen.Stat. § 14-208.6(5). The definition of "sexually violent offense[s]" includes reference to nineteen separate crimes, identified by specific statutory references, as well as solicitation or conspiracy to commit any of the offenses or aiding and abetting any of these offenses. Taking indecent liberties with children in violation of N.C. Gen.Stat. § 14-202.1 is identified as a "sexually violent offense." N.C. Gen.Stat. § 14-208.6(5).
[2] We note that the evidence regarding the DOC's risk assessment, which found the defendant to be a "high" risk, was actually unnecessary and irrelevant at this particular hearing. In the "first category" of offenders under N.C. Gen.Stat. § 14-208B(c) (2007), SBM is required if the trial court determines that the offender is "qualified." No DOC risk assessment is required. The State was not seeking SBM of defendant pursuant to the "second category" of offenders pursuant to N.C. Gen.Stat. § 14-208.40B(c). See State v. Kilby, ___ N.C.App. ___, ___, 679 S.E.2d 430, 433 (2009) (This "second category" includes "(2) Any offender who satisfies all of the following criteria: (i) is convicted of a reportable conviction as defined by N.C. Gen.Stat. § 14-208.6(4), (ii) is required to register under Part 2 of Article 27A of Chapter 14 of the General Statutes, (iii) has committed an offense involving the physical, mental, or sexual abuse of a minor, and (iv) based on the Department's risk assessment program requires the highest possible level of supervision and monitoring. N.C. Gen.Stat. § 14-208.40(a)(1)-(2) (2007).") A DOC risk assessment is necessary only for offenders alleged to fall in the "second category."
[3] N.C. Gen.Stat. § 7A-27 (2007) governs the appellate jurisdiction of the Court of Appeals and of the Supreme Court for appeals from the trial divisions. Subsection (b) provides that "[f]rom any final judgment of a superior court ... appeal lies of right to the Court of Appeals." Id.
[4] N.C. Gen.Stat. § 15A-1442 (2007) governs the grounds for correction of error by the appellate division in criminal cases, and provides that "The following constitute grounds for correction of errors by the appellate division.

. . . .
(6) Other Errors of Law.Any other error of law was committed by the trial court to the prejudice of the defendant."
[5] Under N.C. Gen.Stat. § 14-208.40A(a), the SBM determination is made "during the sentencing phase," where the defendant has been convicted of a "reportable conviction." However, the SBM determination is separate from the sentencing hearing. See State v. Causby, ___ N.C.App. ___, ___, 683 S.E.2d 262, 263 (2009) (After defendant's sentencing hearing, the trial court conducted a separate hearing to determine whether defendant should be enrolled in a SBM program.)
[6] N.C. Gen.Stat. § 15A-1022(c) (2007) states the requirements for a "factual basis" for acceptance of a plea of guilty or no contest. Although we express no opinion on the issue, there is certainly a question as to whether Officer Holbrook's brief hearsay description of defendant's offense would suffice as a "factual basis" under N.C. Gen.Stat. § 15A-1022(c)(4). Article 27A, Sex Offender and Public Protection Registration Programs, contains no reference to a "factual basis" for any reportable conviction.
[7] The definition of "offense against a minor" includes reference to three separate crimes, identified by specific statutory references. N.C. Gen. Stat. § 14-208.6(1i). The definition of "sexually violent offense[s]" includes reference to nineteen separate crimes, identified by specific statutory references. N.C. Gen.Stat. § 14-208.6(5).