STATE OF NORTH CAROLINA v. CHRISTOPHER D. KING, Defendant

No. COA09-952

(Filed 18 May 2010)

**Sexual Offenders— satellite-based monitoring—indecent liberties conviction—parole violations**

The trial court erred by ordering satellite-based monitoring upon a conviction for an aggravated offense where defendant was convicted of indecent liberties. On remand, the trial court can consider the number and frequency of defendant's probation violations as well as the nature of the conditions violated in making its determination.

Appeal by defendant from order entered on or about 18 February 2009 by Judge Ola M. Lewis in Superior Court, Brunswick County. Heard in the Court of Appeals 10 December 2009.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Catherine M. (Katie) Kayser, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

STROUD, Judge.

Defendant was ordered to enroll in satellite-based monitoring. Though the trial court erred in concluding that defendant had committed an aggravated offense and must enroll in satellite-based monitoring for life, we conclude there was sufficient evidence upon which to remand the case for the trial court to determine if defendant requires the highest possible level of supervision and monitoring. Therefore, we reverse and remand.

## I. Background

On or about 6 September 2005, defendant was indicted for indecent liberties with a child. On or about 1 October 2007, defendant pled guilty to the charge and was placed on supervised probation for 36 months. As a condition of probation, defendant was also required to serve an active term of four months imprisonment, but he was credited for the time he served while awaiting trial. On or about 18 March 2008, defendant's probation was revoked, and he was sentenced to 13 to 16 months imprisonment. On or about 18 February 2009, defendant was ordered to enroll in satellite-based monitoring ("SBM") for "the remainder of . . . [his] natural life" because he "was convicted of an aggravated offense." Defendant appeals.

## II. Satellite-Based Monitoring

Defendant argues there was insufficient evidence to show that his indecent liberties conviction was an aggravated offense. The State concedes this point. We also agree.

N.C. Gen. Stat. § 14-208.40B sets forth the conditions under which an offender may be required to enroll in SBM at a "bring back" hearing, such as defendant's hearing. *See State v. Morrow,* —— N.C. App. ——, ——, 683 S.E.2d 754, 757, *disc. review denied,* 363 N.C. 747, —— S.E.2d —— (2009). N.C. Gen. Stat. § 14-208.40B(c) requires that a defendant who is convicted of an aggravated offense be ordered to enroll in SBM for life. *See* N.C. Gen. Stat. § 14-208.40B(c) (2009). An aggravated offense is defined as "any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sex-

ual àct involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." N.C. Gen. Stat. § 14-208.6(1a) (2009).

This Court has previously determined that indecent liberties with a minor is not an aggravated offense as defined by N.C. Gen. Stat. § 14-208.6(1a). *See State v. Singleton*, —— N.C. App. ——, ——, 689 S.E.2d 562, 568-69 (2010). In *Singleton*, this Court concluded that

> [t]he trial court's finding that defendant was convicted of indecent liberties with a child was supported by competent record evidence, as this was his conviction offense. The trial court's conclusion that defendant had been convicted of an aggravated offense was legally incorrect, as the offense of indecent liberties with a child does not fit within the definition of an aggravated offense pursuant to N.C. Gen. Stat. § 14-208.6(1a). In addition, the trial court's conclusion of law that defendant must be enrolled in SBM for the remainder of his natural life was also in error, as this conclusion did not reflect a correct application of law to the facts found.

*Singleton* at ——, 689 S.E.2d 562, 568-69 (citations and quotation marks omitted). Therefore, the trial court erred by ordering SBM based upon a conviction of an aggravated offense under N.C. Gen. Stat. § 14-208.6(1a). *See id.*

At defendant's SBM hearing, the State requested defendant be placed on SBM because he had committed an aggravated offense and because defendant required the highest possible level of supervision pursuant to N.C. Gen. Stat. § 14-208B(c). Thus, the trial court could have ordered SBM pursuant to N.C. Gen. Stat. § 14-208.40B(c) which provides that

> [i]f the court finds that the offender committed an offense that involved the physical, mental, or sexual abuse of a minor, that the offense is not an aggravated offense or a violation of G.S. 14-27.2A or G.S. 14-27.4A, and the offender is not a recidivist, the court shall order that the Department do a risk assessment of the offender. The Department shall have a minimum of 30 days, but not more than 60 days, to complete the risk assessment of the offender and report the results to the court. The Department may use a risk assessment of the offender done within six months of the date of the hearing.
>
> Upon receipt of a risk assessment from the Department, the court shall determine whether, based on the Department's risk

assessment, the offender requires the highest possible level of supervision and monitoring. If the court determines that the offender does require the highest possible level of supervision and monitoring, the court shall order the offender to enroll in a satellite-based monitoring program for a period of time to be specified by the court.

N.C. Gen. Stat. § 14-208.40B(c).

In *Morrow*, the SBM hearing immediately followed the defendant's probation revocation hearing, at which the defendant "admitted that he inexcusably failed to attend at least seven sessions of a sexual abuse treatment program[.]" *Morrow* at ——, 683 S.E.2d at 761. This Court determined that

> our review requires us to consider whether evidence was presented which could support findings of fact leading to a conclusion that the defendant requires the highest possible level of supervision and monitoring. If the State presented no evidence which would tend to support a determination of a higher level of risk than the moderate rating assigned by the DOC, then the order requiring defendant to enroll in SBM should be reversed. However, if evidence supporting the trial court's determination of a higher level of risk is presented, it is proper to remand this case to the trial court to consider the evidence and make additional findings.

> This case is distinguishable from our recent decision in *Kilby* where we reversed the SBM enrollment order when the State presented no evidence which tended to support a determination of a higher level of risk than the moderate rating assigned by the DOC. In fact, all of the evidence in *Kilby* presented alongside the DOC's risk assessment indicated that the defendant was fully cooperating with his post release supervision, which might support a finding of a lower risk level, but not a higher one. Accordingly, *Kilby* reasoned that the findings of fact were insufficient to support the trial court's conclusion that defendant requires the highest possible level of supervision and monitoring based upon a moderate risk assessment from the DOC and reversed.

> In contrast, in the case *sub judice*, in the probation revocation hearing which immediately preceded the SBM hearing, defendant admitted that he inexcusably failed to attend at least

seven sessions of a sexual abuse treatment program required as a condition of his probation. This is evidence which could support a finding of higher risk. While we appreciate the difference between the probation revocation hearing and the SBM hearing, we cannot ignore the fact that less than two hours before ordering defendant to enroll in SBM the trial court had relevant and persuasive evidence before it as to defendant's risk to the public; this evidence is also a part of the record before this court. Accordingly, we remand to the trial court for additional evidentiary proceedings and more thorough findings of fact as to the level of defendant's risk.

*Id.* at ——, 683 S.E.2d at 761-62 (2009) (citations, quotation marks, ellipses, and brackets omitted).

Here, just as in *Morrow*, the DOC's risk assessment of defendant indicated that he was a moderate risk. *See id.* at ——, 683 S.E.2d at 757. However, there was also evidence from the judgment revoking defendant's probation that he had violated six conditions of probation. Defendant's six violations included failure to be at home for two home visits, failure to pay any of his monetary obligation, failure to obtain approval before moving, failure to report his new address and update the sex offender registry accordingly, failure to enroll in and attend sex offender treatment, and failure to inform his supervising officer of his whereabouts, leading to the conclusion that he had absconded supervision.

Although the probation revocation hearing and the SBM hearing were held on the same day and before the same judge in *Morrow, id.* at ——, 683 S.E.2d at 761-62, and in the case before us they were held at different times, the effect of the determinations regarding the defendant's cooperation, or lack thereof, with conditions of probation is the same. Here the trial court had the benefit of the judgment revoking defendant's probation, which included specific findings as to the conditions of probation which defendant violated. As the trial court had already determined that defendant committed these violations of probation, the evidence could support a finding that "defendant requires the highest possible level of supervision and monitoring[,]" or SBM. The trial court can consider the number and frequency of defendant's probation violations as well as the nature of the conditions violated in making its determination. In particular, defendant's violations of failing to report his residence address and to update the sex offender registry as well as his failure to enroll in and attend sex offender treatment could support a finding that defendant poses a

higher level of risk and is thus in need of SBM. We also noted in *Morrow* that the defendant's failure to enroll in and attend sex offender treatment is "evidence which could support a finding of higher risk." *Id.* at ——, 683 S.E.2d at 761. Thus, as in *Morrow*,

> [w]e remand the trial court order requiring defendant to enroll in SBM for further findings of fact regarding whether defendant requires the highest possible level of supervision and monitoring, and if so, for the trial court to determine a definite time period for which defendant should be required to enroll in SBM.

*Id.* at ——, 683 S.E.2d at 762 (quotation marks and brackets omitted).

### III. Conclusion

We conclude that the trial court erred in ordering defendant to enroll in SBM for life as the trial court erroneously determined that defendant had committed an aggravated offense; however, we remand for additional findings of fact as to whether defendant requires the highest possible level of supervision and monitoring, and if so, for the trial court to specify a definite time period for SBM enrollment.

REVERSED and REMANDED.

Judges HUNTER, JR. and ERVIN concur.