STATE OF NORTH CAROLINA v. ROBERT LLOYD MAY, DEFENDANT

No. COA10-140

(Filed 21 September 2010)

**1. Satellite-Based Monitoring— clerical error**

The Court of Appeals treated defendant's brief as a petition for *writ of certiorari* and determined that the trial court did not err by requiring him to enroll in a satellite-based monitoring program for the duration of his natural life upon his release from incarceration. The case was remanded for the limited purpose of correcting a clerical error on Form AOC-CR-615 by marking Box 1(b) and unmarking Box 1(a).

**2. Appeal and Error— preservation of issues—failure to argue**

The Court of Appeals declined to address defendant's remaining issues that he conceded had already been resolved by the Court of Appeals. Defendant failed to advance any further arguments.

Appeal by defendant from order entered 25 August 2009 by Judge James E. Hardin, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 30 August 2010.

*Roy Cooper, Attorney General, by Oliver G. Wheeler, IV, Assistant Attorney General, for the State.*

*Jon W. Myers, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Robert Lloyd May appeals from the trial court's order requiring him to enroll in a satellite-based monitoring ("SBM") program for the duration of his natural life.

On 25 August 2009, defendant was convicted upon a guilty plea of taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1. The trial court found that defendant had twelve prior record level points and determined he was a level IV violator. The trial court sentenced defendant to a minimum of 25 months and a maximum of 30 months imprisonment. In a subsequent hearing later that day, the trial court determined that defendant's offense was a reportable conviction under N.C.G.S. § 14-208.6. The trial court first instructed the clerk to mark Box 1(a) on the Administrative Office of the Courts' Form AOC-CR-615, indicating that the reportable conviction was an offense against a minor. The trial court then corrected itself and instructed that Box 1(b) should be marked instead, indicating that the reportable conviction was a sexually violent offense. However, the court's correction during the rendition of its order was not reflected on the form. The trial court also determined that defendant qualified as a recidivist under N.C.G.S. § 14-208.6(2b). Accordingly, the trial court ordered defendant to enroll in a lifetime SBM program at the end of his incarceration. Defendant purported to appeal from this order by giving oral notice of appeal in open court.

---

[1] Rule 3 of the North Carolina Rules of Appellate Procedure sets forth the requirements to appeal in a civil action, and provides that parties wishing to appeal "may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule." N.C.R. App. P. 3(a) (amended Oct. 1, 2009). While Appellate Rule 4 provides, in part, that a defendant in a criminal proceeding "may take appeal by . . . giving oral notice of appeal at trial," *see* N.C.R. App. P. 4(a)(1) (amended Oct. 1, 2009), "oral notice of appeal is insufficient to confer jurisdiction on this Court in a civil action." *Melvin v. St. Louis*, 132 N.C. App. 42, 43, 510 S.E.2d 177, 177, *cert. denied*, 350 N.C. 309, 534 S.E.2d 594 (1999).

This Court has previously determined that satellite-based monitoring is a civil remedy, not a criminal punishment. *See State v. Singleton*, — N.C. App. —, —, 689 S.E.2d 562, 565, *disc. review allowed*, 364 N.C. 131, — S.E.2d — (2010); *State v. Bare*, — N.C. App. —, —, 677 S.E.2d 518, 527 (2009). Therefore, when a defendant seeks to appeal from an order requiring him to enroll in an SBM program, this Court has held that "oral notice pursuant to N.C.R. App. P. 4(a)(1) is insufficient to confer jurisdiction on this Court. Instead, a defendant must give notice of appeal pursuant to N.C.R. App. P. 3(a) as is proper 'in a civil action or special proceeding[.]' " *State v. Brooks*, — N.C.

App. ——, ——, 693 S.E.2d 204, 206 (2010) (alteration in original) (quoting N.C.R. App. P. 3(a)).

In the present case, an examination of the record shows that defendant purported to give oral notice of appeal in open court from the trial court's 25 August 2009 order, rather than written notice of appeal in accordance with the requirements of Rule 3. Since defendant failed to give timely written notice of appeal from the court's 25 August 2009 order, and since "[t]he provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal," *see Abels v. Renfro Corp.*, 126 N.C. App. 800, 802, 486 S.E.2d 735, 737, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997), we must dismiss defendant's appeal.

Although defendant has lost his right to appeal from the court's order requiring him to enroll in a lifetime SBM program, this. Court may, in its discretion, issue a writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action." N.C.R. App. P. 21(a)(1) (amended Oct. 1, 2009). Accordingly, we treat defendant's brief as a petition for writ of certiorari and allow it for the purpose of considering his contentions upon their merits.

Defendant first contends the trial court erred by indicating that defendant was convicted of the reportable conviction of "an offense against a minor" on the Administrative Office of the Courts' Form AOC-CR-615, entitled "Judicial Findings and Order for Sex Offenders— Active Punishment." Defendant was convicted upon a guilty plea of taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1. According to N.C.G.S. § 14-208.6(5), the offense of taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1 is defined as a "sexually violent offense," which is a reportable conviction under N.C.G.S. § 14-208.6(4). When the court rendered its 25 August 2009 order in open court, the court first mistakenly stated that defendant's reportable offense was an offense against a minor, which is the subject of Box 1(a) in the "Findings" section of Form AOC-CR-615. Although the court immediately realized its error and instructed that Box 1(b) should be marked to indicate that "the defendant has been convicted of a reportable conviction under G.S. 14-208.6, specifically . . . a sexually violent offense under G.S. 14-208.6(5)," the form included in the record indicates that Box 1(a), rather than Box 1(b), was marked on the order signed by the court.

"We realize that in the process of checking boxes on form orders, it is possible for the wrong box to be marked inadvertently, creating

a clerical error which can be corrected upon remand." *State v. Yow*, —— N.C. App. ——, ——, 693 S.E.2d 192, 194 (2010). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.' " *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (quoting *State v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999)). A "clerical error" has been defined as "[a]n error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting, but not explicitly adopting, Black's Law Dictionary 563 (7th ed. 1999)). Since, in the present case, it appears the court's error in marking Box 1(a) instead of Box 1(b) was clerical in nature, and since defendant admits that he pled guilty to one count of taking indecent liberties with a child, which he concedes is a "sexually violent offense," we remand this matter to the trial court for the limited purpose of correcting the clerical error on Form AOC-CR-615 by marking Box 1(b) and unmarking Box 1(a).

**[2]** Defendant's remaining contentions concern issues that defendant concedes have already been resolved by this Court. As he advances no further or alternative legal argument in support of these issues and purports only to "preserve" these issues "for further review," we decline to address defendant's remaining contentions. The order requiring defendant to enroll in lifetime satellite-based monitoring upon his release from incarceration is affirmed. This matter is remanded for correction of the clerical error noted herein.

Affirmed; remanded for correction of clerical errors.

Judges STROUD and ERVIN concur.