*864
 
 STROUD, Judge.
 

 Defendant Anthony Maurice Robinson appeals from the judgments entered on his plea of guilty to one count of attempted statutory rape consolidated with one count of attempted statutory sex offense and one count of indecent liberties with a minor child. Defendant contends that the trial court erred in sentencing him as a prior record level IV offender and in finding that he had been convicted of an offense against a minor as a basis for imposing its sex offender registry and satellite-based monitoring orders. Defendant seeks the judgments against him to be vacated and remanded for new hearings. We affirm in part and remand in part to the trial court for the correction of clerical errors.
 

 I. Background
 

 On 6 July 2015, defendant pled guilty pursuant to a plea agreement to one count of attempted statutory rape consolidated with one count of attempted statutory sex offense and one count of indecent liberties with a minor child. The State provided a factual summary to the court noting that defendant, age 39 at the time, and Rachel,
 
 [1]
 
 age 13 at the time, met through a mutual friend in December 2011. The two began a sexual relationship, in which they engaged in multiple instances and various forms of sexual contact over two months. This relationship continued until February 2012, when Rachel's mother discovered text messages between Rachel and defendant on Rachel's phone as well as a letter from Rachel to defendant expressing her love for him and desire to bear his child.
 

 Defendant stipulated to a prior record level worksheet presented by the State which listed defendant's prior convictions in North Carolina. The worksheet showed a total of 11 points, including 9 points from North Carolina convictions and 2 points for a Michigan conviction, so defendant was a prior record level IV offender for sentencing purposes. During his plea colloquy, defendant again stipulated to the calculation and his status as a prior record level IV offender.
 

 The trial court sentenced defendant in the presumptive range to consecutive terms, a minimum of 190 and a maximum of 288 months imprisonment for the consolidated attempted statutory rape and sex offense charges, followed by a minimum of 20 months and a maximum of 33 months imprisonment for the charge of indecent liberties with a minor child. Defendant was further ordered upon release to register as a sex offender and to enroll in satellite based monitoring ("SBM"), both for the remainder of his natural life.
 

 On or about 13 July 2015, defendant filed a
 
 pro se
 
 written notice of appeal, but defendant's notice failed to designate the judgment or order from or the court to which the appeal was taken, failed to provide certificate of service on the State, and was not signed by defendant. On 27 January 2016, defendant filed a petition for writ of certiorari seeking review of his prior record level calculation for sentencing purposes and the judgment committing him to sex offender registry and SBM for the rest of his natural life.
 

 II. Right to Appeal
 

 We must first determine whether defendant has a right to appeal his prior record level calculation or the SBM order. " 'A defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings.' "
 
 State v. Singleton
 
 ,
 
 201 N.C.App. 620
 
 , 623,
 
 689 S.E.2d 562
 
 , 564 (2010) (quoting
 
 State v. Pimental
 
 ,
 
 153 N.C.App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002) ) (brackets omitted). N.C. Gen. Stat. § 15A-1444(a2)(1) (2015) provides, in pertinent part:
 

 (a2) A defendant who has entered a plea of guilty ... to a felony ... in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
 

 (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21.
 

 A plea of guilty to a felony does not extinguish a defendant's right to appeal, but that right "is not without limitations."
 
 State v. Hamby
 
 ,
 
 129 N.C.App. 366
 
 , 369,
 
 499 S.E.2d 195
 
 , 196 (1998)
 

 *865
 
 . "If a defendant who has pled guilty does not raise the specific issues enumerated in subsection (a2) and does not otherwise have a right to appeal, his appeal should be dismissed."
 

 Id.
 

 Here, defendant pled guilty to the charged offenses pursuant to a plea arrangement. Yet defendant does not seek to appeal his guilty plea but rather he seeks review of his prior record level calculation and sentencing based upon that calculation. Defendant gave timely, though imperfect, written notice of appeal. He then filed a petition for certiorari, which we address below. But defendant did have a right to appeal his prior record level calculation pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1) despite his guilty plea since defendant contends that his prior record level was calculated erroneously.
 
 See
 

 State v. Mungo
 
 ,
 
 213 N.C.App. 400
 
 , 403-04,
 
 713 S.E.2d 542
 
 , 544-45 (2011) (holding the defendant had a right to appeal the calculation of his prior record level pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1) ).
 

 Regarding defendant's right to appeal the trial court's SBM order, this Court has held that such "proceedings are not criminal actions, but are instead a civil regulatory scheme."
 
 State v. Brooks
 
 ,
 
 204 N.C.App. 193
 
 , 194,
 
 693 S.E.2d 204
 
 , 206 (2010) (quotation marks and brackets omitted). "As the SBM order is a final judgment from the superior court, we hold that this Court has jurisdiction to consider appeals from SBM monitoring determinations under
 
 N.C. Gen. Stat. § 14-208
 
 .40B pursuant to N.C. Gen. Stat. § 7A-27."
 
 Singleton
 
 ,
 
 201 N.C.App. at 626
 
 ,
 
 689 S.E.2d at 566
 
 . Defendant seeks to appeal the trial court's SBM order against him because he contends that the order was based on an erroneous finding. Despite the fact that defendant pled guilty, we recognize, as we did in
 
 Singleton
 
 , defendant's right to appeal the trial court's SBM order pursuant to N.C. Gen. Stat. § 7A-27 (2015).
 

 "[T]his Court has generally granted
 
 certiorari
 
 under N.C.R. App. P. 21(a)(1) when a defendant has pled guilty but lost the right to appeal the calculation of [his] prior record level through failure to give proper oral or written notice."
 
 State v. Gardner
 
 ,
 
 225 N.C.App. 161
 
 , 165,
 
 736 S.E.2d 826
 
 , 829 (2013). Furthermore, this Court has recognized the right of a defendant to appeal from an SBM order and granted certiorari when a defendant failed to give proper notice of appeal pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure.
 
 Brooks
 
 ,
 
 204 N.C.App. at 195
 
 ,
 
 693 S.E.2d at 206
 
 ("N.C.R. App. P. 3(a) requires that a party file notice of appeal with the clerk of superior court and serve copies thereof upon all other parties." (Quotation marks and brackets omitted)).
 

 Defendant's failure to file proper notice of appeal would necessitate the dismissal of his appeal despite this Court's recognition of defendant's right to appeal in this matter. Therefore, "[i]n the interest of justice, and to expedite the decision in the public interest," we grant defendant's petition for writ of certiorari and address the merits of both issues on appeal.
 
 Brooks
 
 ,
 
 204 N.C.App. at 195
 
 ,
 
 693 S.E.2d at 206
 
 .
 

 II. Prior Record Level
 

 Defendant first argues that the trial court erred by sentencing him as a prior record level IV offender since the State failed to provide information to the trial court as to whether defendant's prior Michigan conviction for failure to register as a sex offender was classified as a felony or a misdemeanor in Michigan or if it was substantially similar to a North Carolina felony. Had the Michigan conviction not been counted as a Class I felony, defendant would have been considered a prior record level III offender with nine prior record level points for sentencing purposes. Defendant claims the trial court erred and requests his case be remanded for resentencing. We disagree.
 

 We review the calculation of an offender's prior record level as a conclusion of law that is subject to
 
 de novo
 
 review on appeal. It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review.
 

 Mungo
 
 ,
 
 213 N.C.App. at 404
 
 ,
 
 713 S.E.2d at 545
 
 (quotation marks and brackets omitted).
 

 *866
 
 When considering convictions from other jurisdictions for calculation of a defendant's prior record level, the trial court must consider them as follows:
 

 Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.
 

 N.C. Gen. Stat. § 15A-1340.14(e) (2015).
 

 Neither the State nor defendant proved or attempted to prove that the Michigan conviction was substantially similar to a North Carolina felony or misdemeanor, respectively, and neither brief attempts to argue that point. The State did not seek to prove that the Michigan conviction was substantially similar to a North Carolina felony of a higher class in defendant's prior record level calculation. Thus, the State chose to use the prior Michigan conviction at the default level as a Class I felony for the purpose of calculating defendant's prior record level. Therefore, we only review whether the trial court erred in calculating defendant's prior record level in considering the Michigan conviction as a Class I felony.
 

 Defendant's argument arises entirely from the way that the Michigan crime is listed on the worksheet. The worksheet includes a typed list of 15 North Carolina convictions, with all but one identified in the last column of the list-entitled "Class"-as either F, A1m, 2m, 3m, 1t, or 2t.
 
 [2]
 
 These abbreviations indicate the class of the offense, respectively: felony; misdemeanor class A1, 2, or 3; and misdemeanor class 1 or 2 under Chapter 20 (traffic offenses). N.C. Gen. Stat. § 15A-1340.21(b) (2015). Only the Michigan conviction is handwritten on the form, described as follows:
 

 The appropriate number of points are assigned to each offense as listed on the worksheet, treating the Michigan offense at issue as a Class I felony.
 

 Defendant argues that since the worksheet does not clearly show that his Michigan conviction is classified as a felony in Michigan, "[t]his leaves us with a stipulation to imprecise facts beyond the existence of the conviction and the name of the offense, which does not explicitly state its category as felony or misdemeanor." The State did not present any evidence regarding the Michigan conviction or its classification in Michigan. The State argues that the Michigan conviction was clearly identified on the worksheet and was classified as "I," which is the default classification for an out-of-state felony conviction.
 

 *867
 
 In addition, the State points out that a defendant can stipulate to whether an out-of-state conviction is a felony or misdemeanor, although he cannot stipulate to whether the conviction is "substantially similar" to a North Carolina felony classified above Class I.
 

 According to the statute, the default classification for out-of-state felony convictions is Class I. Where the State seeks to assign an out-of-state conviction a more serious classification than the default Class I status, it is required to prove by the preponderance of the evidence that the conviction at issue is substantially similar to a corresponding North Carolina felony.... However, where the State classifies an out-of-state conviction as a Class I felony, no such demonstration is required. Unless the State proves by a preponderance of the evidence that the out-of-state felony convictions are substantially similar to North Carolina offenses that are classified as Class I felonies or higher, the trial court must classify the out-of-state convictions as Class I felonies for sentencing purposes.
 

 Thus, while the trial court may not accept a stipulation to the effect that a particular out-of-state conviction is substantially similar to a particular North Carolina felony or misdemeanor, it may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction.
 

 State v. Bohler
 
 ,
 
 198 N.C.App. 631
 
 , 637-38,
 
 681 S.E.2d 801
 
 , 806 (2009) (citations, quotation marks, and brackets omitted).
 

 This Court has noted that "[w]hile we recognize that a prior record level worksheet alone is insufficient to prove the
 
 existence
 
 of a prior conviction, ... it is the
 
 classification
 
 , rather than the mere existence, of the [out-of-state] conviction that is at issue in the instance case."
 
 State v. Threadgill
 
 ,
 
 227 N.C.App. 175
 
 , 179,
 
 741 S.E.2d 677
 
 , 680 (2013),
 
 cert. denied
 
 , --- U.S. ----,
 
 134 S.Ct. 961
 
 ,
 
 187 L.Ed.2d 821
 
 (2014). In
 
 Threadgill
 
 , this Court concluded that the defendant's silence "regarding the worksheet's classification of the [out-of-state] conviction as a Class I felony constituted a stipulation with respect to that classification."
 
 Id.
 
 at 180,
 
 741 S.E.2d at 681
 
 .
 
 See also
 

 State v. Eubanks
 
 ,
 
 151 N.C.App. 499
 
 , 506,
 
 565 S.E.2d 738
 
 , 743 (2002) ("Likewise, we hold that the statements made by the attorney representing defendant in the present case may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet. We also note that defendant has not asserted in his appellate brief that any of the prior convictions listed on the worksheet do not, in fact, exist.").
 

 Here, the plea colloquy shows that defendant similarly raised no questions or objections regarding the information listed on the worksheet and that he stipulated to the record level as calculated on it:
 

 THE COURT: All right, then we have an agreement of a prior record level of IV; is that right?
 

 [DEFENSE COUNSEL]: Yes, Your Honor.
 

 [THE STATE]: Yes, sir.
 

 In
 
 State v. Edgar
 
 , --- N.C.App. ----,
 
 777 S.E.2d 766
 
 (2015), we held that the trial court may accept a stipulation that an out-of-state offense is classified as a misdemeanor or a felony:
 

 "[W]hile [the] trial court may not accept a stipulation to the effect that a particular out-of-state conviction is 'substantially similar' to a particular North Carolina felony or misdemeanor, it may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction."
 

 Id.
 

 at ----,
 
 777 S.E.2d at 769-70
 
 (quoting
 
 Bohler
 
 ,
 
 198 N.C.App. at 637-38
 
 ,
 
 681 S.E.2d at
 
 806 ). A stipulation to a defendant's prior out-of-state conviction being classified as the default Class I felony, as opposed to a stipulation as to the similarity of his Michigan offense to a North Carolina offense, does not implicate a question of law.
 

 Id.
 

 at ----,
 
 777 S.E.2d at 769
 
 .
 

 *868
 
 Although the worksheet did not specifically classify the Michigan conviction as a "felony," the classification of "I" clearly showed that defendant was stipulating that the conviction was in fact a felony which would be classified at the default level. Under these facts, defense counsel's statements can "reasonably be construed as a stipulation" to the prior convictions listed on his worksheet.
 
 Eubanks
 
 ,
 
 151 N.C.App. at 506
 
 ,
 
 565 S.E.2d at 743
 
 . Because defendant stipulated to the Michigan conviction and its classification as a Class I felony, both on the worksheet and during his plea, the "stipulation as to his prior record level and his agreement to the sentence imposed in his plea arrangement were effective and binding."
 
 Edgar
 
 , ---N.C.App. at ----,
 
 777 S.E.2d at 770
 
 . This argument is without merit.
 

 III. Sex Offender Registry and Satellite Based Monitoring
 

 Defendant next argues that the trial court erred in finding that defendant had been convicted of an offense against a minor and requests that this Court vacate and remand the sex offender registry and SBM orders due to this erroneous finding.
 

 In SBM cases, " 'we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found.' "
 
 Singleton
 
 ,
 
 201 N.C.App. at 626
 
 ,
 
 689 S.E.2d at 566
 
 (quoting
 
 State v. Kilby
 
 ,
 
 198 N.C.App. 363
 
 , 367,
 
 679 S.E.2d 430
 
 , 432 (2009) (brackets omitted)).
 

 The issue before this Court concerns a clerical error that occurred when the trial court filled out the form orders pertaining to both sex offender registry and SBM. The State essentially conceded the existence of this error but argues that the error is harmless since defendant would still be required to register as a sex offender and enroll in SBM even without the erroneous findings.
 

 This Court has previously recognized that
 

 in the process of checking boxes on form orders, it is possible for the wrong box to be marked inadvertently, creating a clerical error which can be corrected upon remand. When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth. A clerical error has been defined as an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination.
 

 State v. May
 
 ,
 
 207 N.C.App. 260
 
 , 262-63,
 
 700 S.E.2d 42
 
 , 44 (2010) (citations, quotation marks, and brackets omitted).
 

 In
 
 May
 
 , the trial court mistakenly checked Box 1(a) instead of Box 1(b) under the findings of fact section of the SBM order.
 
 Id.
 
 at 262,
 
 700 S.E.2d at 44
 
 . Although the trial judge noticed the mistake during the hearing and called attention to its need for correction, the filed order in the record on appeal still contained the erroneously checked Box 1(a) and unchecked Box 1(b).
 

 Id.
 

 We held that such error was "clerical in nature[.]"
 
 Id.
 
 at 263,
 
 700 S.E.2d at 44
 
 . Because the defendant admitted "that he pled guilty to one count of taking indecent liberties with a child, which he concedes is a 'sexually violent offense,' [this Court remanded] this matter to the trial court for limited purpose of correcting the clerical error[.]"
 

 Id.
 

 Here, the trial court's findings for both the sex offender registry and SBM orders included checked boxes for Box 1(b)-that defendant had been convicted of "a sexually violent offense under G.S. 14-208.6(5) "; Box 3-that defendant is a recidivist; and Box 5-that the offenses "did involve the physical, mental, or sexual abuse of a minor." However, the form orders also included the checked box for Box 1(a), finding that defendant had been convicted of "an offense against a minor under G.S. 14-208.6(1m)," which only applies to kidnapping, abduction of children, and felonious restraint.
 

 Although the trial court did mistakenly find that defendant had been convicted of an offense against a minor, such error merely amounts to a clerical error. Because defendant admits that he pled guilty to attempted statutory rape and indecent liberties with a minor child and does not contest that
 
 *869
 
 those offenses are not, in fact, reportable sexually violent offenses, and because we find that the mistake in the trial court's order amounts only to clerical error, we, therefore, "remand this matter to the trial court for the limited purpose of correcting the clerical error[s]."
 
 May
 
 ,
 
 207 N.C.App. at 263
 
 ,
 
 700 S.E.2d at 44
 
 .
 

 IV. Conclusion
 

 For the foregoing reasons, we conclude that the trial court did not err in calculating defendant's prior record level. Furthermore, the trial court's mistakes on the judgment forms for the sex offender registry and SBM orders amount only to clerical errors which may easily be corrected on remand.
 

 AFFIRMED IN PART AND REMANDED IN PART.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 A pseudonym is used to protect the identity of the minor child.
 

 [2]
 

 Defendant's record level was calculated on the standard form entitled "Worksheet Prior Record Level for Felony Sentencing and Prior Conviction Level for Misdemeanor Sentencing," Form AOC-CR-600, Rev. 4/11.