STATE OF NORTH CAROLINA v. RICHARD ANDERSON

No. COA08-1523

(Filed 7 July 2009)

1. **Sexual Offenses— satellite-based monitoring—applicability—effect of guilty pleas—failure to object at trial**

     The trial court did not err in a felony indecent liberties with a child, felony crimes against nature, and first-degree sexual exploitation of a minor case by finding defendant was subject to lifetime satellite-based monitoring even though defendant contends he had not been advised prior to his 1994 guilty plea in Wilkes County to various felony offenses that monitoring might be imposed as a result of his pleas because: (1) defendant admitted at the hearing that the statute as written applied to him and subjected him to lifetime satellite-based monitoring; (2) defendant did not object at trial on this basis subjecting the argument to dismissal; and (3) this issue was decided against defendant in *State v. Bare*, 197 N.C. App. 461 (2009).

2. **Constitutional Law— due process—satellite-based monitoring of sex offenders—vagueness**

     The trial court did not err by enrolling defendant in lifetime satellite-based monitoring even though defendant contends that N.C.G.S. § 14-208.40(a)(1) is void for vagueness and violated defendant's due process rights guaranteed by the United States and North Carolina Constitutions because: (1) at the hearing, defendant did not object upon the grounds that the statute was void for vagueness; and (2) defendant admitted that his conduct constituted recidivist behavior as defined by the statute, and thus he cannot now argue that the provisions for determining recidivism are unconstitutionally vague.

### 3. Constitutional Law— double jeopardy—satellite-based monitoring—civil instead of punitive intent

The Court of Appeals has already concluded that the provisions of the satellite-based monitoring program for sex offenders is civil in nature instead of punitive, and thus it cannot constitute a violation of defendant's right to be free from double jeopardy.

Appeal by Defendant from order entered 31 July 2008 by Judge Henry E. Frye, Jr. in Superior Court, Wilkes County. Heard in the Court of Appeals 20 May 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Charlotte Gail Blake for Defendant-Appellant.*

McGEE, Judge.

Defendant pled guilty to two counts of felony indecent liberties with a child, two counts of felony crimes against nature, and one count of first-degree sexual exploitation of a minor in Wilkes County in December of 1994. Defendant completed his sentence for those crimes. On 3 October 2007, Defendant pled guilty to misdemeanor sexual battery, which occurred in Haywood County on 13 September 2007. The trial court ordered Defendant to be subjected to life-time satellite-based monitoring pursuant to N.C. Gen. Stat. § 14-208.40(a)(1) on 31 July 2008. Defendant appeals.

[1] Defendant contends in his first argument that the trial court erred by finding Defendant was subject to lifetime satellite-based monitoring when Defendant had not been advised, prior to his 1994 guilty plea in Wilkes County to various felon offenses, including first-degree sexual exploitation, and his 2007 guilty plea in Haywood County to misdemeanor sexual battery, that lifetime satellite-based monitoring might be imposed as a result of his pleas. We disagree.

N.C. Gen. Stat. § 14-208.40(a) states in relevant part:

The Department of Correction shall establish a sex offender monitoring program that uses a continuous satellite-based monitoring system and shall create guidelines to govern the program. The program shall be designed to monitor two categories of offenders as follows:

    (1) Any offender who is convicted of a reportable conviction as defined by G.S. 14-208.6(4) and who is required to reg-

ister under Part 3 of Article 27A of Chapter 14 of the General Statutes because the defendant is classified as a sexually violent predator, is a recidivist, or was convicted of an aggravated offense as those terms are defined in G.S. 14-208.6.

N.C. Gen. Stat. § 14-208.40(a) (2007).

The trial court found that Defendant was convicted of a reportable conviction as defined by N.C. Gen. Stat. § 14-208.6(4), and that Defendant was required to register under Part 3 of Article 27A of Chapter 14 of the General Statutes because defendant was a recidivist. At the hearing, Defendant admitted that the statute as written applied to him and subjected him to lifetime satellite-based monitoring.

First, Defendant did not object at trial to the imposition of lifetime satellite-based monitoring based upon an argument that he had not been informed prior to his guilty plea that he might be subject to lifetime satellite-based monitoring based upon his plea. Defendant's failure to object at the hearing subjects this argument to dismissal. N.C.R. App. P. 10(b)(1); *State v. Valentine*, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003). Further, this issue was recently decided against Defendant by this Court in *State v. Bare*, 197 N.C. App. 461, 478, —— S.E.2d ——, —— (2009). This argument is without merit.

[2] In Defendant's second argument, he contends that the trial court erred in enrolling him in lifetime satellite-based monitoring because the statute imposing monitoring "is void for vagueness and violates [Defendant's] due process rights guaranteed by the United States and North Carolina constitutions." We disagree.

The crux of Defendant's argument is that "the statute does not define whether the trial court was required to find that [Defendant] was a recidivist based on a preponderance of the evidence, based on clear and cogent evidence, based on proof beyond a reasonable doubt, or based on some other standard." Defendant contends the lack of a defined standard could lead to defendants being subjected to lifetime satellite-based monitoring under different standards.

At the hearing, Defendant did not object upon the grounds that N.C. Gen. Stat. § 14-208.40(a)(1) was void for vagueness. Both the State and the trial court stated that Defendant was a recidivist, and the trial court stated it found that Defendant was a recidivist based upon prior convictions. Defendant responded:

Your Honor, he would object to Your Honor finding that [Defendant was subject to satellite-based monitoring]. I can't deny that the statute does read the way it does, and it seems to contemplate placing him on the satellite monitoring. He would raise issues of due process, equal protection, and ex post facto violations; also pointing out that the triggering conviction of this time, even though it's reportable, is a misdemeanor, the sexual battery, Your Honor.

In reviewing the statute as it's laid out, it does appear that as it's written right now that it would, Your Honor.

Defendant later added: "I don't believe I made a claim of double jeopardy in that. For the recidivist conditions, it does not require any testing or anything; it's based solely on prior convictions." " 'Recidivist' means a person who has a prior conviction for an offense that is described in G.S. 14-208.6(4)." N.C. Gen. Stat. § 14-208.6(2b) (2007). N.C. Gen. Stat. § 14-208.6(4)(a) (2007) includes in relevant part: "A final conviction for an offense against a minor[.]"

It is clear that Defendant was not making any argument at the hearing that the definition of recidivist, or the standard by which recidivism must be proved, was unconstitutionally vague. The only mention of "recidivist" was in Defendant's double jeopardy argument, which seems to have been that finding recidivism based solely on prior convictions, not upon some undefined evaluation of Defendant's likelihood of re-offending, violated double jeopardy.

In fact, Defendant admitted that his conduct constituted recidivist behavior as defined by the statute. Having admitted at the hearing that he was a recidivist as defined under the statute, Defendant may not now argue before this Court that the provisions for determining recidivism are unconstitutionally vague. N.C.R. App. P. 10(b)(1); *Valentine*, 357 N.C. at 525, 591 S.E.2d at 857. This argument is dismissed.

[3] In Defendant's third argument, he contends that the trial court erred in ordering that Defendant "be punished further for the crimes for which he had already been sentenced in violation of his right to be free from double jeopardy." We disagree.

This Court has already held that the provisions of the satellite-based monitoring program are civil in nature, not punitive. *Bare*, 197 N.C. App. at 467, —— S.E.2d at ——. As this Court has held that

**STATE v. ANDERSON**

[198 N.C. App. 201 (2009)]

satellite-based monitoring does not constitute a punishment, it cannot constitute a violation of Defendant's right to be free from double jeopardy. *See State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986) (double jeopardy protects against multiple *punishments* for the same crime). This argument is without merit.

No error.

Judges JACKSON and ERVIN concur.