An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-27

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

   v.

JESSE JOSEPH MASSEY

New Hanover County
No. 13 CRS 5736

Appeal by defendant from order entered 13 August 2013 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *James W. Carter for defendant-appellant.*

BRYANT, Judge.

Where the arguments presented on appeal have previously been rejected by prior panels of our appellate Courts, we reject defendant's arguments in the instant case.

On 13 June 2000, defendant pled guilty to indecent liberties with a child in Pitt County (00 CRS 4855) and was

sentenced to 12 to 15 months imprisonment. The State dismissed a statutory rape charge in exchange for defendant's plea. On 4 June 2003, defendant pled guilty to second-degree sexual offense in Stanly County (02 CRS 50379) and was sentenced to a term of 120 to 153 months. In that case, the State agreed to dismiss charges of first-degree sexual offense and indecent liberties.

On 23 May 2013, defendant received notice of a Satellite-Based Monitoring ("SBM") enrollment hearing. Defendant filed a motion to dismiss the SBM action on 30 July. At a hearing on 13 August 2013, the trial court denied defendant's motion to dismiss and ordered him to enroll in lifetime SBM. Defendant appeals.

_____

Defendant presents four arguments on appeal: (I) his SBM enrollment violates the state and federal constitutional *ex post facto* clauses because the SBM law was enacted after he pled guilty; (II) his SBM enrollment violates his due process rights because SBM enrollment was not an enumerated condition of his plea agreement; (III) his SBM enrollment violates constitutional double jeopardy protections because it constitutes additional punishment for his offenses; and (IV) his SBM enrollment violates his right to be free from cruel and unusual punishment

because wearing the monitoring equipment will subject him to public scorn. However, as defendant acknowledges in his brief, our appellate courts have rejected each of his arguments in prior cases, and we are bound by that precedent. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).

First, our Supreme Court overruled defendant's *ex post facto* argument in *State v. Bowditch*, 364 N.C. 342, 700 S.E.2d 1 (2010), because SBM constitutes "a civil, regulatory scheme to protect citizens of our state from the threat posed by the recidivist tendencies of convicted sex offenders" and not a criminal punishment. *Id*. at 352, 700 S.E.2d at 12. Defendant asks this Court to reconsider *Bowditch* in light of the United States Supreme Court's subsequent holding in *United States v. Jones*, ___ U.S. ___, 132 S. Ct. 945 (2012), but we are without authority to overrule that case. *See Nunn v. Allen*, 154 N.C. App. 523, 530, 574 S.E.2d 35, 40 (2002) ("This Court has no authority to overrule decisions of the North Carolina Supreme Court." (citation omitted)).

Next, as defendant concedes, we have previously rejected his argument that failure to advise a defendant he would be subject to SBM registration as a consequence of his plea agreement, which was entered into prior to the enactment of the

SBM statute, violated the defendant's due process rights. *State v. Bare*, 197 N.C. App. 461, 479–80, 677 S.E.2d 518, 531–32 (2009) (holding that where, as here, the trial court scheduled a hearing as to SBM, "the imposition of SBM was not an automatic result of [defendant's] no contest plea").

Third, defendant argues that SBM registration violated the constitutional prohibition against double jeopardy, but acknowledges that this argument lacks merit based on the reasoning adopted in *Bowditch*. *See State v. Anderson*, 198 N.C. App. 201, 204–05, 679 S.E.2d 165, 167 (2009) (holding that because SBM is a civil regulatory scheme, it does not violate the double jeopardy clause).

Finally, defendant argues that SBM enrollment subjects him to cruel and unusual punishment, but again acknowledges that our courts have already rejected this contention. *See State v. Jarvis*, ___ N.C. App. ___, ___, 715 S.E.2d 252, 262 (2011) (holding that SBM does not constitute cruel and unusual punishment because it is a civil regulatory scheme).

In sum, because all of defendant's arguments have previously been rejected by our appellate courts, we are compelled to reject those arguments in this case. Accordingly, the trial court's order is affirmed.

Affirmed.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).