An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-339

Filed: 20 October 2015

Wake County, No. 08 CRS 22984

STATE OF NORTH CAROLINA

v.

ARRIE A. ARTIS

Appeal by defendant from order entered 31 October 2014 by Judge James E. Hardin, Jr. in Wake County Superior Court. Heard in the Court of Appeals 28 September 2015.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Russell J. Hollers III for defendant-appellant.*

INMAN, Judge.

Defendant Arrie A. Artis ("defendant") appeals from the trial court's order requiring him to enroll in satellite-based monitoring ("SBM") for the remainder of his natural life. We affirm the trial court's order.

## Background

On 19 May 2010, defendant entered a plea of guilty to second-degree rape, second-degree sexual offense, and taking indecent liberties with a child. The trial

court sentenced defendant to imprisonment for a term of 73 to 97 months. In a separate order, the trial court found that defendant was a recidivist and ordered him to enroll in satellite-based monitoring for life.

Thereafter, defendant was released from custody, and he enrolled in an SBM program. On 31 October 2014, the superior court conducted a hearing regarding defendant's continued enrollment in SBM, due to an apparent error on the SBM order entered by the sentencing court. The State acknowledged that defendant was not a recidivist, but argued that defendant was convicted of an aggravated offense, and therefore was still required to enroll in lifetime SBM. The State labeled the sentencing court's finding a "scrivener's error." Defendant did not contest the State's position, but nonetheless objected to SBM based on "ongoing litigation about the constitutionality of [SBM]." The superior court struck the sentencing court's finding that defendant was a recidivist, found that the offense was an aggravated offense, and ordered defendant to enroll in SBM for the remainder of his natural life. Defendant appeals.

Defendant contends that he has already been punished for his conduct by enrolling in SBM pursuant to the sentencing court's void order. Thus, his sole argument on appeal is that the trial court's modification constitutes a second punishment for the same conduct, and therefore violates the Double Jeopardy Clause of the U.S. Constitution and the Law of the Land Clause of the North Carolina

Constitution. Defendant acknowledges that our Supreme Court has held satellite-based monitoring is not a criminal punishment. *See State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010) (holding that the SBM program is a civil regulatory scheme and therefore does not violate the Ex Post Facto Clauses of the state or federal constitution). He nonetheless requests that this Court re-examine the holding in *Bowditch* and declare that SBM is a criminal punishment.

As defendant plainly acknowledges, we are bound by *Bowditch*. "[The Court of Appeals] has no authority to overrule decisions of [the] Supreme Court and [has] the responsibility to follow those decisions until otherwise ordered by the Supreme Court." *Dunn v. Pate*, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) (internal quotation marks omitted). Additionally, this Court has specifically rejected defendant's double jeopardy claim. *See State v. Anderson*, 198 N.C. App. 201, 204-05, 679 S.E.2d 165, 167 (2009) (holding that SBM does not constitute a violation of a defendant's right to be free from double jeopardy because it is not a punishment), *disc. review denied*, 364 N.C. 436, 702 S.E.2d 491 (2010). We are likewise bound by our decision in *Anderson*. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

## Conclusion

Defendant has raised no other issues for review, and we are bound by both our own decision and our Supreme Court's decision. We therefore affirm the order of the trial court.

AFFIRMED.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).