TYSON, Judge.
 

 *450
 
 Johnny Alldred ("Defendant") appeals from an order directing him to enroll in satellite-based monitoring for the remainder of his natural life. We affirm.
 

 I. Background
 

 Defendant was convicted of one count of taking indecent liberties with a child in 1990. In 2006, he was convicted of two counts of misdemeanor sexual battery. On 13 January 2015, the Superior Court of Pitt County held a hearing to determine Defendant's eligibility for satellite-based monitoring.
 
 See
 
 N.C. Gen.Stat. § 14-208.40B(a) (2013) ("When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), and there has been no determination by a court on whether the offender shall be required to enroll in satellite-based monitoring, the Division of Adult Correction shall make an initial determination on whether the offender falls into one of the categories described in G.S. 14-208.40(a)."); N.C. Gen.Stat. § 14-208.40B(b) (2013) ("If the Division of Adult Correction determines that the offender falls into one of the categories described in G.S. 14-208.40(a), the district attorney, representing
 
 *451
 
 the Division of Adult Correction, shall schedule a hearing in superior court for the county in which the offender resides.")
 

 Based on Defendant's convictions from 1990 and 2006, the court found Defendant to be a recidivist sexual offender, and ordered him to be enrolled in satellite-based monitoring for the remainder of his natural life. Defendant appeals.
 

 II. Issues
 

 Defendant argues the superior court's order violates the ex post facto and double jeopardy prohibitions contained within the United States and North Carolina Constitutions.
 

 III. Analysis
 

 Defendant concedes in his brief that North Carolina's appellate courts have previously held that North Carolina's satellite-based monitoring program is a civil regulatory scheme, which does not implicate either the ex post facto or double jeopardy constitutional prohibitions or protections.
 
 See
 

 State v. Bowditch,
 

 364 N.C. 335
 
 , 352,
 
 700 S.E.2d 1
 
 , 13 (2010) (holding the satellite-based monitoring program does not violate the ex post facto clauses of the state or federal constitutions);
 
 State v. Anderson,
 

 198 N.C.App. 201
 
 , 204-05,
 
 679 S.E.2d 165
 
 , 167 (2009) (holding that because the satellite-based monitoring program is civil in nature and does not constitute a punishment, it cannot violate a defendant's constitutional right to be free from double jeopardy),
 
 disc. review denied,
 

 364 N.C. 436
 
 ,
 
 702 S.E.2d 491
 
 (2010).
 

 Defendant raises these issues solely for "preservation purposes." Defendant also does not raise or argue any issues regarding the reasonableness of the imposition of satellite-based monitoring under the Fourth Amendment.
 
 Grady v. North Carolina,
 
 --- U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015).
 

 We are bound by these prior and binding opinions and overrule Defendant's arguments.
 
 See
 

 Dunn v. Pate,
 

 334 N.C. 115
 
 , 118,
 
 431 S.E.2d 178
 
 , 180 (1993) ("[The Court of Appeals] has no authority to overrule decisions of [the] Supreme Court and [has] the responsibility to follow those decisions until otherwise ordered by the Supreme Court." (quotation marks omitted));
 
 In re Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
 

 *452
 

 IV. Conclusion
 

 Based upon the issues before us in this appeal, the superior court's order directing Defendant to be enrolled in satellite-based monitoring for the remainder of his natural life is affirmed.
 

 AFFIRMED.
 

 Judges CALABRIA and DAVIS concur.