STATE OF NORTH CAROLINA
v.
MICHAEL HAMILTON THREADGILL

No. COA12-1293

Filed 7 MAY 2013

1. **Sentencing—prior record level points—South Carolina conviction—felony**

   The trial court did not err in a forgery and obtaining property by false pretenses case by assigning two points to defendant's prior record level based upon a South Carolina conviction. The trial court correctly classified the South Carolina conviction as a Class I felony and assigned two points to defendant's prior record level on this basis.

2. **Sentencing—prior record level points—no ex post facto violation—prior conviction**

   The trial court did not violate defendant's rights under the *ex post facto* clause of the United States Constitution in a forgery and obtaining property by false pretenses case by assigning two points to his prior record level. Defendant's Anson County conviction was entered more than one year prior to entry of judgment and sentencing in the instant case, and the plain language of N.C.G.S. § 15A-1340.11(7) defines a prior conviction as one that exists on the date a criminal judgment is entered.

Appeal by Defendant from judgment entered 11 June 2012 by Judge William R. Pittman in Moore County Superior Court. Heard in the Court of Appeals 28 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

*The Law Office of Bruce T. Cunningham, Jr., by Bruce T. Cunningham, Jr., for Defendant.*

DILLON, Judge.

Michael Hamilton Threadgill (Defendant) appeals from a judgment entered upon convictions for forgery, obtaining property by false pretenses, and attaining the status of an habitual felon. Defendant contends that the trial court erred in designating him a prior record level VI offender, instead of a prior record level V offender, in that (1) the trial court incorrectly classified a prior South Carolina conviction as a Class I felony for purposes of assigning prior record level points; and (2) the trial court violated Defendant's rights under the ex post facto clause of the United States Constitution when it erroneously assigned two points to his prior record level based upon a conviction that was entered after the date of the offenses for which he was sentenced in the present case. For the following reasons, we find no error.

## I. Factual & Procedural Background

On 14 March 2011, Defendant was indicted in Moore County on charges of uttering a forged instrument, forgery of an instrument, obtaining property by false pretenses, and attaining habitual felon status. Thereafter, Defendant entered into a plea arrangement with the State, whereby Defendant agreed to "receive one consolidated sentence as an habitual felon for a term of the minimum mitigated sentence at his record level."[1] The State agreed to dismiss two charges of identity theft and one charge of conspiracy as part of the plea arrangement.

These matters came on for hearing in Moore County Superior Court on 11 June 2012. At the hearing, Defendant admitted to "making counterfeit payroll checks" and stated that he agreed to the terms of the plea arrangement. Following Defendant's entry of an *Alford* plea[2], the purpose of the hearing shifted to the issue of sentencing. The State introduced a copy of Defendant's prior record level worksheet, which set

---

1. Defendant also agreed to pay restitution in the amounts of $388.07 and $283.07.

2. Defendant denied guilt as to the charge of obtaining property by false pretenses, and thus converted his initial guilty plea to an *Alford* plea.

**STATE v. THREADGILL**

[227 N.C. App. 175 (2013)]

forth Defendant's numerous – approximately three dozen – prior convictions, including three drug-related Montana convictions and one South Carolina conviction for "Financial Transaction Card Theft" (the South Carolina conviction).The State noted that the worksheet did not reflect a more recent conviction entered against Defendant in Anson County on 6 June 2011 (the Anson County conviction).[3] The State also introduced – over Defendant's objection – a printout reflecting records maintained by the Division of Criminal Information (the DCI Printout) as further evidence of Defendant's prior convictions. Defendant objected to the court's consideration of the Anson County conviction on the basis that it occurred subsequent to the offenses for which he was being sentenced in this case. Defendant also objected to the worksheet's classification of one of his Montana drug possession convictions (the Montana conviction) as a felony, contending that the offense was classified as only a misdemeanor in Montana. The trial court determined that the Anson County conviction should be included in calculating Defendant's prior record level, but agreed with Defendant that the Montana conviction should be classified as a misdemeanor. The trial court concluded that Defendant had accumulated 18 prior record level points[4] and designated Defendant a prior record level VI offender. *See* N.C. Gen. Stat. § 15A–1340.14(c)(6) (2011). In accordance with the plea arrangement, the trial court sentenced Defendant to a minimum of 87 months and a maximum of 114 months imprisonment. Defendant appeals.

## II. Analysis

Defendant raises two contentions on appeal, both of which pertain to the trial court's determination of his prior record level. We address these contentions in turn.

### A. Defendant's South Carolina Conviction

[1] Defendant first contends that the trial court erred in assigning two points to his prior record level based upon the South Carolina conviction, as "the State failed to prove by a preponderance of the evidence that the South Carolina conviction was a felony, rather than a misdemeanor." Defendant admits to the existence of the South Carolina conviction, but argues that the State failed to prove that the conviction was

---

3. The prior record level worksheet included in the record on appeal reflects the Anson County conviction.

4. The State asserts that the trial court mistakenly calculated 18, instead of 19 record level points; this distinction is immaterial in light of our resolution of this appeal.

a felony offense and that, accordingly, only one point should have been added to his prior record level on this basis.

At the outset, we note that this issue is preserved for appellate review, notwithstanding Defendant's failure to object to the South Carolina conviction at his sentencing hearing. *See State v. Cao*, 175 N.C. App. 434, 441, 626 S.E.2d 301, 306 (2006) (holding that an assignment of error of this nature is "not evidentiary; rather, it challenges whether the prosecution met its burden of proof at the sentencing hearing[, and an error] based on insufficient evidence as a matter of law does not require an objection at the sentencing hearing to be preserved for appellate review"); *State v. Boyd*, 207 N.C. App. 632, 642, 701 S.E.2d 255, 261 (2010); *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009); N.C. Gen. Stat. § 15A-1446(d)(18) (2011). The trial court's determination of a defendant's prior record level is a conclusion of law, which this Court reviews *de novo* on appeal. *Boyd*, 207 N.C. App. at 642, 701 S.E.2d at 261; *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). " 'As a result, the issue before [this Court] is simply whether the competent evidence in the record adequately supports the trial court's decision [about how many total points to award a defendant and what his resulting prior record level is].' " *State v. Powell*, _ N.C. App. _ , _ , 732 S.E.2d 491, 494 (2012) (quoting *Bohler*, 198 N.C. App. at 633, 681 S.E.2d at 804) (second alteration in original).

A defendant's prior convictions must be proved by one of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f)(1)-(4) (2011). With respect to the classification of an out-of-state conviction, the relevant statute provides, in part, as follows:

Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or

is classified as a Class 3 misdemeanor if the jurisdiction
in which the offense occurred classifies the offense as
a misdemeanor. . . .

N.C. Gen. Stat. § 15A–1340.14(e) (2011). The State bears the burden of
proving by a preponderance of the evidence that an out-of-state convic-
tion is a felony for sentencing purposes. *Cao,* 175 N.C. App. at 443, 626
S.E.2d at 307. However, a defendant may stipulate both that an out-of-
state conviction exists and that the conviction is classified as a felony
offense in the relevant jurisdiction. *Bohler,* 198 N.C. App. at 637-38, 681
S.E.2d at 806. Stipulations in this context "do not require affirmative
statements and silence may be deemed assent in some circumstances,
particularly if the defendant had an opportunity to object, yet failed
to do so." *State v. Hurley,* 180 N.C. App. 680, 684, 637 S.E.2d 919, 923
(2006) (citing *State v. Alexander,* 359 N.C. 824, 828–29, 616 S.E.2d 914,
917–18 (2005)).

Here, the State introduced Defendant's prior record level worksheet
and the DCI Printout as evidence of Defendant's prior convictions. Both
the worksheet and the DCI Printout include the South Carolina con-
viction; however, only the worksheet specifically classifies the South
Carolina conviction as a Class I felony. The DCI Printout does not indi-
cate whether the offense listed therein as "FINANCIAL TRANSACTION
CARD THEFT" is classified as a felony or a misdemeanor under South
Carolina law. Defendant thus contends that the worksheet alone was
insufficient to prove that the South Carolina conviction was a felony.

While we recognize that a prior record level worksheet alone is insuf-
ficient to prove the *existence* of a prior conviction, *State v. Morgan,* 164
N.C. App. 298, 304, 595 S.E.2d 804, 809 (2004) (citing *State v. Eubanks,*
151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002)); *compare State
v. Hinton,* 196 N.C. App. 750, 751, 675 S.E.2d 672, 673 (2009) (holding
that "[a] sentencing worksheet coupled with statements by counsel may
constitute a stipulation to the existence of the prior convictions listed
therein"), it is the *classification,* rather than the mere existence, of the
South Carolina conviction that is at issue in the instant case. Defendant
acknowledges this distinction in his brief but argues that "the same prin-
ciples [that apply to proving the existence of a prior conviction should
also] apply to proving whether or not a particular prior conviction
involved a misdemeanor or a felony." We note that Defendant presents
no case authority in support of this specific contention. *See* N.C. R. App.
P. 28(b)(6) (2013). We further note that the offense which served as the
basis for the South Carolina conviction is, in fact, classified as a felony

under South Carolina law. *See* S.C. Code Ann. § 16-14-20 (2011) (providing that "[a] person who commits financial transaction card or number theft is guilty of a felony"). Regardless, our holding in the present case does not turn on the sufficiency of the State's evidence, as our review of the transcript reveals that Defendant stipulated to the worksheet's classification of the South Carolina conviction as a Class I felony. Indeed, during sentencing, Defendant vigorously challenged both the worksheet's classification of the Montana conviction as a felony offense and the trial court's assignment of two prior record level points based upon the Anson County conviction. Defendant raised no objection, however, to the South Carolina conviction – or to the worksheet's classification of that offense as a Class I felony – even after the State specifically noted the South Carolina conviction and its classification:

> [PROSECUTOR]: We're asking the Court to impose essentially the same sentence for the same offenses, and with someone whose record worksheet fills an entire page almost exclusively with fraud-type felony convictions, there are a number of obtaining properties by false pretense, common law uttering, possession of stolen goods, a couple of drug violations, *a financial transaction card theft from South Carolina, which is a Class I felony.*

Furthermore, shortly before the prosecutor made the foregoing reference, the prosecutor remarked, "as I understand it the only dispute between what the State's contending his record level is and what the defense is willing to stipulate is that there's one offense in Montana from 2000 . . . that the defendant contends was a misdemeanor conviction, and the State would contend is a felony based on the D.C.I. printout[,]" to which Defendant responded with challenges only to the Montana and Anson County convictions. It is thus apparent that Defendant knew of the worksheet's contents and had ample opportunity to object to them. We, therefore, conclude that Defendant's silence regarding the worksheet's classification of the South Carolina conviction as a Class I felony constituted a stipulation with respect to that classification. *See, e.g., Alexander,* 359 N.C. at 830, 616 S.E.2d at 918 (holding that defense counsel stipulated to contents of prior record level worksheet where his conduct indicated that he knew of worksheet's contents but did not object to them); *State v. Wade,* 181 N.C. App. 295, 299, 639 S.E.2d 82, 86 (2007) (holding that defense counsel's failure to object to worksheet constituted a stipulation to the defendant's prior convictions for sentencing purposes). Moreover, because Class I is the "default" classification for

an out-of-state felony conviction, *Powell*, _ N.C. App. at _ , 732 S.E.2d at 494 (citing N.C. Gen. Stat. § 15A-1340.14(e)), the State met its burden and was required to prove nothing further in support of that classification. We accordingly hold that the trial court correctly classified the South Carolina conviction as a Class I felony, and, further, that the trial court correctly assigned two points to Defendant's prior record level on this basis. *See* N.C. Gen. Stat. § 15A-1340.14(b)(4) (2011) (providing that two points shall be assigned "[f]or each prior felony Class H or I conviction"). Defendant's contention is overruled.

## B. N.C. Gen. Stat. § 15A-1340.11(7)

**[2]** Defendant next asserts a challenge to the constitutionality of N.C. Gen. Stat. § 15A-1340.11(7), the provision of our General Statutes defining what constitutes a "prior conviction" for sentencing purposes. Defendant argues that application of this provision to the facts of this case violates the ex post facto clause of the United States Constitution. We disagree.

In accordance with our General Statutes, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's *prior convictions* . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2011) (emphasis added). N.C. Gen. Stat. § 15A-1340.11(7) defines a "prior conviction" as follows:

> Prior conviction[:] A person has a prior conviction when, *on the date a criminal judgment is entered,* the person being sentenced has been previously convicted of a crime[.]

N.C. Gen. Stat. § 15A-1340.11(7) (2011) (emphasis added).

Here, Defendant's Anson County conviction was entered on 6 June 2011, more than one year prior to entry of judgment and sentencing in the instant case, which occurred on 11 June 2012. Thus, the Anson County conviction was clearly a "prior conviction" as defined under N.C. Gen. Stat. § 15A-1340.11(7), *supra.* Defendant concedes that the law is clear in this respect; however, he contends that application of N.C. Gen. Stat. § 15A-1340.11(7) in the present case "has resulted in the Defendant facing a greater sentence at the time of sentencing than he faced on the date of the offense, in violation of the Ex Post Facto clause of the United States Constitution." Defendant cites the fact that "[t]he [two prior record level] points associated with the Anson County conviction . . . increased the punishment for the offense to 146 to 185 months" in support of his argument. This contention is meritless.

Article I, section 10 of the United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. I, § 10, cl. 1.[5] "[A]n impermissible *ex post facto* law is one which, among other things, aggravates a crime or makes it a greater crime than when committed, or changes the punishment of a crime to make the punishment greater than the law permitted when the crime was committed." *State v. Mason*, 126 N.C. App. 318, 324, 484 S.E.2d 818, 821 (1997).

We cannot agree with Defendant that the ex post facto clause is implicated in the present case. As Defendant concedes in his brief, N.C. Gen. Stat. § 15A-1340.11(7) was enacted prior to 30 October 2010 – the date of the offenses for which he was sentenced in this case – and remained unchanged through the date of his sentencing. The addition of two points to Defendant's prior record level and the resulting increase in his prior record level from a level V to a level VI offender were consequences of Defendant's increased culpability represented by the Anson County conviction; the enhancement in Defendant's sentence, in turn, resulted from application of our habitual felon statute, N.C. Gen. Stat. § 14-7.1 *et seq.*, which our Supreme Court has specifically upheld as constitutional. *See State v. Todd*, 313 N.C. 110, 117, 326 S.E.2d 249, 253 (1985) ("rejecting outright the suggestion that our legislature is constitutionally prohibited from enhancing punishment for habitual offenders as violations of constitutional strictures dealing with . . . ex post facto laws" and noting that "[t]hese challenges have been addressed and rejected by the United States Supreme Court" (citing *Rummell v. Estelle*, 445 U.S. 263 (1980); *Spencer v. Texas*, 385 U.S. 554 (1967))). Moreover, we have implicitly recognized the validity of N.C. Gen. Stat. § 15A-1340.11(7) in holding that, for sentencing purposes, a defendant's prior convictions are those that exist at the time of sentencing. *See, e.g., State v. Pritchard*, 186 N.C. App. 128, 131, 649 S.E.2d 917, 919 (2007); *State v. Mixion*, 118 N.C. App. 559, 563, 455 S.E.2d 904, 906 (1995) (citing N.C. Gen. Stat. § 15A-1340.11(7)). Finally, we note that under Defendant's theory, the close temporal proximity of two convictions entered on separate dates in separate counties would render neither conviction a "prior conviction" for sentencing purposes. In other words, the Anson County conviction could not be used in

---

5. Defendant incorrectly cites Article I, section 9 of the United States Constitution, which limits the power of the *federal* government. *See Marshall v. Garrison*, 659 F.2d 440, 444 n.5 (4th Cir. 1981). Additionally, we note that the North Carolina Constitution, Art I. § 16, also prohibits our Legislature from enacting ex post facto laws, providing, in pertinent part, that "[r]etrospective laws, punishing acts committed before the existence of such laws and by them only declared criminal, are oppressive, unjust, and incompatible with liberty, and therefore no ex post facto law shall be enacted."

determining Defendant's prior record level in this case, and the convictions in this case could not be used in determining Defendant's prior record level in the Anson County case since Defendant had not yet been convicted in this case when he was sentenced in Anson County. This illogical result is avoided by application of the plain language of N.C. Gen. Stat. § 15A-1340.11(7), which clearly defines a prior conviction as one that exists "on the date a criminal judgment is entered." Defendant's contention is overruled.

For the foregoing reasons, we find no error.

NO ERROR.

Judges STEPHENS and STROUD concur.