CALABRIA, Judge.
 

 *94
 
 Roy Eugene Bryant ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of second-degree sexual offense and second-degree rape. On appeal, defendant only challenges the sentence imposed by the trial court. Defendant contends that the court improperly calculated his prior record level, due to its erroneous conclusion that two of defendant's prior South Carolina convictions were substantially similar to certain North Carolina offenses. After careful review, we conclude that defendant received a fair trial, free from prejudicial error.
 

 I. Background
 

 The State presented evidence that in the evening of 17 October 2014, defendant was a stranger to the victim and her boyfriend when he joined them as they walked to their apartment in downtown Winston-Salem, North Carolina. Once the victim was alone, defendant engaged in sexual conduct with her by force and against her will. On 18 October 2014, officers with the Winston-Salem Police Department arrested defendant for second-degree sexual offense and second-degree rape. A Forsyth County grand jury indicted defendant for these offenses on 1 June 2015. Trial commenced in Forsyth County Criminal Superior Court on 22 February 2016. On 26 February 2016, the jury
 
 *565
 
 returned verdicts finding defendant guilty. The jury also found, as an aggravating factor, that defendant committed the offenses while on pretrial release on another charge.
 

 Following the verdicts, the trial court excused the jury to begin sentencing proceedings. The State submitted a copy of defendant's Division of Criminal Information records regarding his prior convictions in North Carolina, South Carolina, and Florida. The State drafted a proposed prior record level worksheet, and defendant stipulated to its accuracy, "except for the class of any out-of-state conviction higher than a class I felony[.]"
 

 In determining defendant's prior record level, the State argued that two of defendant's prior South Carolina convictions were substantially similar to certain North Carolina offenses. First, the State asserted that defendant's 1991 conviction for criminal sexual conduct in the third degree was substantially similar to the North Carolina Class C felonies
 
 *95
 
 of second-degree forcible rape and second-degree forcible sex offense. Next, the State contended that defendant's 1996 conviction for criminal sexual conduct in the first degree was substantially similar to the North Carolina Class B1 felonies of statutory rape of a child by an adult and statutory sexual offense with a child by an adult. Although defendant disagreed with the State regarding substantial similarity, he stipulated that the 1991 and 1996 South Carolina convictions were both felony offenses.
 

 After reviewing the relevant statutes from both jurisdictions, the trial court found that the State had proven by a preponderance of the evidence that the respective offenses were substantially similar. The court assigned defendant six points for his 1991 conviction and nine points for his 1996 conviction.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.14(b)(1a)-(2) (2015) (instructing the trial court to assign a felony offender "6 points" "[f]or each prior felony Class B2, C, or D conviction" and "9 points" "[f]or each prior felony Class B1 conviction" that the court finds to have been proved).
 

 Based on defendant's prior convictions, the trial court determined that he was a prior record level VI offender with 27 points.
 
 See
 
 N.C. Gen. Stat. § 15A-1340.14(c)(6) (providing that offenders with "[a]t least 18 points" are prior record level VI for felony sentencing purposes). Based on defendant's prior record level and the jury's finding of an aggravated factor, the trial court sentenced defendant to two consecutive terms of 182 to 279 months in the custody of the North Carolina Division of Adult Correction. Defendant appeals.
 

 II. Analysis
 

 On appeal, defendant contends that the trial court improperly sentenced him at prior record level VI, due to the court's erroneous conclusion that two of defendant's prior South Carolina convictions were substantially similar to North Carolina offenses. We disagree.
 

 "The trial court's determination of a defendant's prior record level is a conclusion of law, which this Court reviews
 
 de novo
 
 on appeal."
 
 State v. Threadgill
 
 ,
 
 227 N.C.App. 175
 
 , 178,
 
 741 S.E.2d 677
 
 , 679-80,
 
 disc. review denied
 
 ,
 
 367 N.C. 223
 
 ,
 
 747 S.E.2d 538
 
 (2013). A defendant need not object to the calculation of his prior record level at sentencing in order to preserve the issue for appellate review.
 
 Id.
 
 at 178,
 
 741 S.E.2d at
 
 679 ; N.C. Gen. Stat. § 15A-1446(d)(5), (18).
 

 A felony offender's prior record level "is determined by calculating the sum of the points assigned to each of the offender's prior convictions"
 

 *96
 
 that the trial court finds to have been proven at the sentencing hearing. N.C. Gen. Stat. § 15A-1340.14(a). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). The State may prove the defendant's prior convictions by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 *566
 
 (4) Any other method found by the court to be reliable.
 

 Id.
 

 Generally, felony convictions from jurisdictions outside of North Carolina are classified as Class I felonies and assigned two prior record points. N.C. Gen. Stat. § 15A-1340.14(e) ; N.C. Gen. Stat. § 15A-1340.14(b)(4). However,
 

 [i]f the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.
 

 N.C. Gen. Stat. § 15A-1340.14(e). "[A] defendant may stipulate both that an out-of-state conviction exists and that the conviction is classified as a felony offense in the relevant jurisdiction."
 
 Threadgill
 
 ,
 
 227 N.C.App. at 179
 
 ,
 
 741 S.E.2d at 680
 
 .
 

 Substantial similarity "is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense."
 
 State v. Sanders
 
 ,
 
 367 N.C. 716
 
 , 720,
 
 766 S.E.2d 331
 
 , 334 (2014). "[F]or a party to meet its burden of establishing substantial similarity of an out-of-state offense to a North Carolina offense by the preponderance of the evidence, the party seeking the determination of substantial similarity must provide evidence of the applicable law."
 
 Id.
 
 at 719,
 
 766 S.E.2d at 333
 
 . "[A] printed copy of a statute of another state is admissible as evidence of the statut[ory] law of such state."
 

 *97
 

 State v. Morgan
 
 ,
 
 164 N.C.App. 298
 
 , 309,
 
 595 S.E.2d 804
 
 , 812 (2004) (remanding for resentencing where "[t]he State presented no evidence ... that the 2002 New Jersey homicide statute was unchanged from the 1987 version under which [the d]efendant was convicted").
 

 A. Criminal Sexual Conduct in the Third Degree
 

 Defendant first contends that the trial court erred in determining that South Carolina's offense of criminal sexual conduct in the third degree is substantially similar to North Carolina's offenses of second-degree forcible rape and second-degree forcible sexual offense. We disagree.
 

 At sentencing, defendant stipulated that on 19 November 1991, he was convicted in South Carolina of criminal sexual conduct in the third degree. The State presented the trial court with a copy of the 2014 version of the South Carolina statute,
 
 [1]
 
 which provides:
 

 (1) A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:
 

 (a) The actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances.
 

 (b) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery.
 

 (2) Criminal sexual conduct in the third degree is a felony punishable by imprisonment for not more than ten years, according to the discretion of the court.
 

 S.C. Code Ann. § 16-3-654
 
 . The term "sexual battery" means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital
 
 *98
 
 or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes."
 
 S.C. Code Ann. § 16-3-651
 
 (h) (2015).
 
 [2]
 

 *567
 
 The State contended that South Carolina's offense of criminal sexual conduct in the third degree is substantially similar to North Carolina's offenses of (1) second-degree forcible rape and (2) second-degree forcible sexual offense. North Carolina's second-degree forcible rape statute provides, in pertinent part:
 

 (a) A person is guilty of second-degree forcible rape if the person engages in vaginal intercourse with another person:
 

 (1) By force and against the will of the other person; or
 

 (2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless.
 

 *99
 
 (b) Any person who commits the offense defined in this section is guilty of a Class C felony.
 

 N.C. Gen. Stat. § 14-27.22
 
 (a) - (b). Second-degree forcible sexual offense has the same elements as second-degree forcible rape, except that "a sexual act" replaces "vaginal intercourse" as the underlying sexual conduct:
 

 (a) A person is guilty of second degree forcible sexual offense if the person engages in a sexual act with another person:
 

 (1) By force and against the will of the other person; or
 

 (2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know that the other person is mentally disabled, mentally incapacitated, or physically helpless.
 

 (b) Any person who commits the offense defined in this section is guilty of a Class C felony.
 

 N.C. Gen. Stat. § 14-27.27
 
 . "Sexual act" means "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes."
 
 N.C. Gen. Stat. § 14-27.20
 
 (4).
 

 On appeal, defendant contends that "[a] violation of
 
 S.C. Code Ann. § 16-3-654
 
 could be a violation of either N.C.G.S. § 14-27.22 or -27.27, but not both, because North Carolina's rape statute only applies to vaginal intercourse and its sexual offense statute specifically excludes vaginal intercourse." However, this seems to be a distinction without a difference. Second-degree forcible rape and second-degree forcible sexual offense have identical elements except for the underlying sexual conduct, and both offenses are Class C felonies in North Carolina. Furthermore, South Carolina's definition of "sexual battery" includes vaginal intercourse as well as all conduct constituting a "sexual act" in North Carolina. Accordingly, any violation of
 
 S.C. Code Ann. § 16-3-654
 
 would also be a violation of either
 
 N.C. Gen. Stat. § 14-27.22
 
 or § 14-27.27, and vice versa. Therefore, the trial court did not err in determining that these offenses are substantially similar.
 
 See
 

 State v. Sapp
 
 ,
 
 190 N.C.App. 698
 
 , 713,
 
 661 S.E.2d 304
 
 , 312 (2008),
 
 appeal dismissed and disc. review denied
 
 ,
 
 363 N.C. 661
 
 ,
 
 685 S.E.2d 799
 
 (2009) ("[T]he requirement set forth in N.C. Gen. Stat. § 15A-1340.14(e) is not that the statutory wording precisely match, but rather that the offense be 'substantially similar.' ").
 

 B. Criminal Sexual Conduct with Minors in the First Degree
 

 We do not reach the same conclusion regarding defendant's 1996 South Carolina conviction for criminal sexual conduct with minors in the first degree, which the trial court determined is substantially similar to North Carolina's offenses of statutory rape of a child by an adult,
 
 N.C. Gen. Stat. § 14-27.23
 
 , and statutory sexual offense with a child by an adult,
 
 N.C. Gen. Stat. § 14-27.28
 
 . We disagree.
 

 A person commits the South Carolina offense of criminal sexual conduct with minors in the first degree "if the actor engages in sexual battery with the victim who is less than eleven years of age."
 
 S.C. Code Ann. § 16-3-655
 
 (1) (1996). In North Carolina, "[a] person is guilty of statutory rape of a child
 
 *568
 
 by an adult if the person is at least 18 years of age and engages in vaginal intercourse with a victim who is a child under the age of 13 years."
 
 N.C. Gen. Stat. § 14-27.23
 
 (a). "A person is guilty of statutory
 
 *100
 
 sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years."
 
 N.C. Gen. Stat. § 14-27.28
 
 (a). Both offenses are Class B1 felonies in North Carolina.
 
 N.C. Gen. Stat. §§ 14-27.23
 
 (b), -27.28(b).
 

 Contrary to our previous determination, these offenses are not substantially similar due to their disparate age requirements. Although both of the North Carolina statutes require that the offender be "at least 18 years of age[,]"
 
 N.C. Gen. Stat. §§ 14-27.23
 
 (a), -27.28(a), a person of any age may violate South Carolina's statute.
 
 See
 

 S.C. Code Ann. § 16-3-651
 
 (a) (defining "actor" as "a person accused of criminal sexual conduct"). Moreover, North Carolina's statutes apply to victims "under the age of 13 years[,]"
 
 N.C. Gen. Stat. §§ 14-27.23
 
 (a), -27.28(a), while South Carolina's statute protects victims who are "less than eleven years of age."
 
 S.C. Code Ann. § 16-3-655
 
 (1). The North Carolina and South Carolina statutes thus apply to different offenders and different victims. Therefore, the offenses are not substantially similar.
 
 See
 

 Sanders
 
 , 367 N.C. at 719-20,
 
 766 S.E.2d at 333-34
 
 (holding that North Carolina's offense of assault on a female is not substantially similar to Tennessee's offense of domestic assault because,
 
 inter alia
 
 , the North Carolina offense "requires that (1) the assailant be male, (2) the assailant be at least eighteen years old, and (3) the victim of the assault be female[,]" while the Tennessee offense "does not require the victim to be female or the assailant to be male and of a certain age"). Accordingly, the trial court erred by assigning defendant nine points based on his 1996 South Carolina conviction for criminal sexual conduct with minors in the first degree.
 

 Nevertheless, we hold that the trial court's error was harmless. Defendant received 27 points for his prior convictions, which corresponds with a prior record level VI. Although the trial court erred by assigning defendant nine points for his 1996 South Carolina conviction, defendant stipulated that the offense was a felony. Assuming,
 
 arguendo
 
 , that the trial court had classified the offense as a Class I felony and assigned defendant two points on that basis, defendant would still have 20 total points. Since offenders with "[a]t least 18 points" are sentenced at prior record level VI pursuant to N.C. Gen. Stat. § 15A-1340.14(c)(6), the trial court's error did not affect defendant's prior record level calculation and was, therefore, harmless.
 
 See
 

 State v. Adams
 
 ,
 
 156 N.C.App. 318
 
 , 324,
 
 576 S.E.2d 377
 
 , 382,
 
 disc. review denied
 
 ,
 
 357 N.C. 166
 
 ,
 
 580 S.E.2d 698
 
 (2003).
 

 Accordingly, we conclude that defendant received a fair trial, free from prejudicial error.
 

 *101
 
 NO PREJUDICIAL ERROR.
 

 Judge HUNTER, JR. concurs.
 

 Judge BERGER concurs in part and dissents in part in a separate opinion.
 

 BERGER, Judge, concurring in part, dissenting in part in separate opinion.
 

 I concur with the majority opinion concerning the issue of substantial similarity of Defendant's South Carolina conviction for third degree sexual conduct with
 
 N.C. Gen. Stat. § 14-27.22
 
 or
 
 N.C. Gen. Stat. § 14-27.27
 
 . However, because Defendant's South Carolina conviction for first degree sexual conduct with minors is substantially similar to
 
 N.C. Gen. Stat. § 14-27.23
 
 and
 
 N.C. Gen. Stat. § 14-27.28
 
 , I would affirm the trial court's conclusion as to this issue, and respectfully dissent.
 

 An out-of-state felony conviction is generally classified as a Class I offense for structured sentencing purposes. N.C. Gen. Stat. § 15A-1340.14(e) (2015). However,
 

 [i]f the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.
 

 *569
 
 Section 15A-1340.14(e). This Court has stated that "the requirement set forth in N.C. Gen. Stat. § 15A-1340.14(e) is
 
 not that the statutory wording precisely match
 
 , but rather that the offense be 'substantially similar.' "
 
 State v. Sapp
 
 ,
 
 190 N.C.App. 698
 
 , 713,
 
 661 S.E.2d 304
 
 , 312 (2008) (emphasis added). There is no requirement that the statutes have to be identical.
 

 The majority holds that "these offenses are not substantially similar due to their disparate age requirements[,]" citing
 
 State v. Sanders
 
 ,
 
 367 N.C. 716
 
 ,
 
 766 S.E.2d 331
 
 (2014). However, the majority's focus on age would demand the offenses be identical for there to be substantial similarity.
 

 The trial court correctly made the following findings and conclusions regarding Defendant's conviction for first degree sexual conduct with minors:
 

 *102
 
 THE COURT: Okay. And I note that the defendant is contesting that it should be a B1. The defendant, like the [conviction for third degree sexual conduct], asserts it should be a class I felony. However, for the reasons stated by the State, the [c]ourt finds that the State has proven by a preponderance of the evidence, in reviewing State's Exhibit 58,
 
 [3]
 
 that that particular South Carolina conviction is substantially similar to 14-27.23, statutory rape of a child and 14-27.28, statutory sex offense with a child. For all the reasons mentioned by the State-
 

 And I should note that State's Exhibit 57, for the South Carolina offense the punishment for that particular class C felony was not more than ten years. While the punishment is not, per se, the determinative factor, it is one factor to consider and that is consistent, depending on the person's prior record level, of what he could receive for a class C felony in North Carolina for the corresponding North Carolina crimes.
 

 Similarly[,] State's Exhibit 58 shows that someone convicted for the first-degree criminal sexual conduct with a minor less than 11 years, the punishment is not more than 30 years. That is consistent, although not identical, it is consistent with someone, depending on the prior record level, that is convicted of a B1 felony in North Carolina for the corresponding North Carolina crimes.
 

 Court also finds although the age of the victim in the South Carolina case differs somewhat from that in North Carolina, the goal of both statutes is to punish either sexual offenses-well, either vaginal intercourse or sexual offenses with minors, and that's exactly what the North Carolina statute is designed to do as well. Again, the [c]ourt cites [
 
 State v. Sapp
 
 ] in finding that the State has proven by a preponderance of the evidence that that particular conviction out of South Carolina is substantially similar to the two statu[t]es that I've cited for North
 
 *103
 
 Carolina. The [c]ourt will assign the classification of that out-of-state conviction to be a B1 felony.
 

 ....
 

 And again, for ... each out-of-state conviction on the prior record level worksheet, the [c]ourt finds by a preponderance of the evidence that the offense is substantially similar to the North Carolina offenses that I've already itemized for the record, and that the North Carolina classification assigned to those particular out-of-state convictions is correct. The [c]ourt also finds that the State and defendant have stipulated in open court to the prior conviction points and record level except as to the class of any out-of-state conviction higher than a class I felony. The [c]ourt has already made those findings. The [court] also now, based on State's Exhibit Numbers 56, 57 and 58, incorporates all those exhibits in support of the [c]ourt's findings.
 

 Moreover, the statutes at issue are substantially similar because the elements of the statutes target the same assailants, offense, and victims-assailants of any gender who engage in vaginal intercourse or sexual offenses with children. In fact, all child-victims
 
 *570
 
 who meet the age requirement for the South Carolina offense of first degree sexual conduct with minors, i.e., children eleven years old and younger, would meet the age requirement and could be classified as victims under N.C. Gen Stat. § 14-27.23 and
 
 N.C. Gen. Stat. § 14-27.28
 
 .
 

 Defendant's South Carolina conviction for first degree sexual conduct with minors is substantially similar to
 
 N.C. Gen. Stat. § 14-27.23
 
 and
 
 N.C. Gen. Stat. § 14-27.28
 
 , and I would affirm the trial court's classification of that offense as a B1 felony.
 

 [1]
 

 As the State correctly observed at sentencing, in order to prove substantial similarity, the State was required to provide evidence of the South Carolina law that was in effect when defendant was convicted.
 
 See
 

 Morgan
 
 ,
 
 164 N.C.App. at 309
 
 ,
 
 595 S.E.2d at 812
 
 . However, the 2014 version that the State provided was sufficient due to its inclusion of statutory history demonstrating that the section has not been amended since its enactment in 1977.
 

 [2]
 

 The 2015 version of the definitional statute that the State provided to the trial court also included statutory history establishing that the section has not been amended since its passage in 1977.
 

 [3]
 

 State's Exhibits 56, 57, and 58 were each related to Defendant's criminal history and convictions used on his prior record level worksheet. Exhibit 58 specifically included each of the North Carolina and South Carolina statutes utilized to determine whether Defendant's convictions were substantially similar.